Connecticut Local Form Chapter 13 Plan                                          01/04/2019

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

**Fill in this information to identify your case:**

Debtor 1*  Johnny | Ray | Moore
First Name  Middle Name  Last Name

Social Security Number: XXX - XX - 8 0 6 0
(Enter only last 4 digits)

Debtor 2*
Spouse, if filing

First Name  Middle Name  Last Name

Social Security Number: XXX - XX - ☐☐☐☐
(Enter only last 4 digits)

Case number  19-51257
(If known)

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

**CHAPTER 13 PLAN**

FILED
2019 OCT -4 P 2: 15
CLERK U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT

☒  Original Plan

☐  ☐  Amended Plan (Indicate 1st, 2nd, etc.)    ECF No. of prior plan ☐

☐  ☐  Modified Plan (Indicate 1st, 2nd, etc.)    ECF No. of prior plan ☐

**Amended Plan:  Only complete this section if this is an amended plan before confirmation.**

Sections of the Plan that have been amended (list):

|  | Plan Section(s) | Amendment(s) (Describe) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

If your plan amendment affects all creditors of a certain class (secured, priority or unsecured non-priority) check each class of creditors affected.  If the changes above affect only individual creditors, list each below.

All Creditors (check all that apply):

☐  secured
☐  priority
☐  unsecured, non-priority

☐  The amendment affects individual creditors. List each below.

|  | Creditor Name(s) | Proof of Claim Number | Type of Claim |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Modified Plan:  Only complete this section if this is a modified plan after confirmation.**

Sections of the Plan that have been modified (list):

| | Plan Section(s) | Modification(s) (Describe) |
|---|---|---|
| | | |
| | | |
| | | |

If your plan modification affects all creditors of a certain class (secured, priority or unsecured non-priority) check each class of creditors affected. If the changes above affect only individual creditors, list each below.

All Creditors (check all that apply):

☐ secured

☐ priority

☐ unsecured, non-priority

☐ The modification affects individual creditors. List each below.

| | Creditor Name(s) | Proof of Claim Number | Type of Claim |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## I. NOTICES

To Debtors:   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☒ Included | ☐ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ☐ Not Included |

To Creditors:   Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid.** *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.

This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment.

To All
Parties:       The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| Non-standard provisions, set out in Section VII. | ☒ Included | ☐ Not Included |
|---|---|---|

## II.  PLAN PAYMENTS AND LENGTH OF PLAN

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II.

### 2.1 Payments to Chapter 13 Standing Trustee.

The Debtor will make payments to the Chapter 13 Standing Trustee as follows:

| $ | per | for | months. |
|---|---|---|---|
| 500 | month | 60 | months. |
| | | | months. |
| | | | months. |

If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan.

### 2.2 Source of Payments to the Chapter 13 Standing Trustee.

*Check all that apply.*

☐ The Debtor will make payments pursuant to a payroll deduction order.

Fill in employer information for payroll deduction:

Employer Name: NA

Employer Address: NA

Employee Identification No: NA

(Note: Redact SSN so only last 4 digits appear)

☒ The Debtor will make payments directly to the Chapter 13 Standing Trustee at the following address (include case number on payment):

> Roberta Napolitano, Chapter 13 Standing Trustee
> PO Box 610
> Memphis, TN 38101-0610

## 2.3 Income Tax Refunds.

*Check one.*

☒ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.

☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.

☐ The Debtor will treat income tax refunds as follows:

## 2.4 Additional Payments.

*Check one.*

☒ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ The Debtor will make additional payment(s) to the Chapter 13 Standing Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

| Source: | | Est. Amount $: | | Date: | |
|---|---|---|---|---|---|
| Source: | | Est. Amount $: | | Date: | |
| Source: | | Est. Amount $: | | Date: | |

**2.5 <u>Estimated Total Payments.</u>**

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$ `30,000.00`

**2.6 <u>Order of Payments to Creditors by the Chapter 13 Standing Trustee</u>**

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

`Not sure at this time`

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III.                                    TREATMENT OF SECURED CLAIMS

**3.1 <u>Secured Claims That Will Not Be Modified.</u>**

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section. Check all that apply.

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.

☐ Arrears payments (Cure) will be disbursed by the Chapter 13 Standing Trustee and regular payments (Maintain) will be disbursed by the Debtor, as specified below.

| | |
|---|---|
| 1. Creditor: `Mortgage Electronic Registration Systems Inc.` | |
| Last 4 Digits of Account No.: `8 0 6 0` | Check one of the following: |
| | ☐ Arrearage on Petition Date: |
| | ☐ Balance on Arrearage Date: |
| | Interest Rate on Balance: |
| | Regular Payment (Maintain) by Debtor:* _____ /month |

☒ Real Property
   ☒ Principal Residence
   ☐ Other (describe)

Address of Collateral:
`15 Sachem Drive Shelton CT. 06484`

☐ Personal Property/Vehicle

Check below regarding real property taxes and insurance:

☒ Mortgage payments include escrow for:
   ☒ Real estate taxes
   ☒ Homeowners Insurance

☐ Debtor pays directly for:
   ☐ Real estate taxes
   ☐ Homeowners Insurance

Description of Collateral (include first digit and last four digits of VIN# for any vehicle): 2 - 0 8 2 3

2009 Chevy HHR LS

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

| 2. Creditor: | Mortgage Electronic Registration Systems Inc. |

Last 4 Digits of Account No.: 8 0 6 0

Check one of the following:

☐ Arrearage on Petition Date: [ ]

☐ Balance on Arrearage Date: [ ]

Interest Rate on Balance: [ ]

Regular Payment (Maintain) by Debtor:* [ ] /month

☐ Real Property

☐ Principal Residence

☒ Other (describe)

Investment property

Address of Collateral:

10 Rosemary Drive
Stratford CT 06615

Check below regarding real property taxes and insurance:

☒ Mortgage payments include escrow for:
  ☒ Real estate taxes
  ☒ Homeowners Insurance

☐ Debtor pays directly for:
  ☐ Real estate taxes
  ☐ Homeowners Insurance

☐ Personal Property/Vehicle

Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐ - ☐ ☐ ☐ ☐

[ ]

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

| 3. Creditor: | Mortgage Electronic Registration Systems Inc |

Last 4 Digits of Account No.: 8 0 6 0

Check one of the following:

☐ Arrearage on Petition Date: [ ]

☐ Balance on Arrearage Date: [ ]

Interest Rate on Balance: [ ]

Regular Payment (Maintain) by Debtor:* [ ] /month

☐ Real Property

☐ Principal Residence

☒ Other (describe)

73-75 Baldwin Street
Bridgeport CT. 06607

Check below regarding real property taxes and insurance:

☒ Mortgage payments include escrow for:
  ☒ Real estate taxes
  ☒ Homeowners Insurance

| Address of Collateral: | ☐ Debtor pays directly for: |
|---|---|
| | ☐ Real estate taxes |
| | ☐ Homeowners Insurance |

☐ Personal Property/Vehicle

Description of Collateral (include first digit and last four digits of VIN# for any vehicle):   ☐ - ☐ ☐ ☐ ☐

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

### 3.2. Secured Claims Subject to Valuation Motion.

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*
☒ The Debtor intends to seek an order of the Bankruptcy Court valuing a claim pursuant to 11 U.S.C. § 506.

**Secured Claims that are Subject to a Separate Motion or Adversary Proceeding Based on Valuation.**

Valuations under 11 U.S.C. § 506 may be sought to determine how a secured creditor's claim will be treated in a chapter 13 plan. This Chapter 13 Plan does not value claims. To value a claim pursuant 11 U.S.C. § 506, the Debtor must file and serve a separate motion pursuant to Fed.R.Bankr.P. 3012, 7004 and 9014(b). Any other form of relief sought by a debtor, including a determination of the extent, validity, and/or priority of a secured creditor's lien, must be determined in an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

The information provided below is for information purposes only, and the Debtor's valuation stated herein is subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of any motion or adversary proceeding on valuation. The amount of the creditor's claim in excess of the valuation determined by the Court for the Collateral shall be treated with other general unsecured claims and paid *pro rata* provided that the creditor timely files a proof of claim.

The Debtor intends to file a motion requesting that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor states that the value of the secured claim should be as set out below. For secured claims of governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim controls over any contrary amount listed below. For each listed claim, the value of the secured claim as determined by the Court will be paid in full with interest at the rate stated below, upon an order of the Court on the Debtor's Motion.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section V of this Chapter 13 Plan. If the amount of a creditor's secured

claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section V of this Chapter 13 Plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below will retain the lien on the Collateral of the Debtor or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate.

**1. Real Property:**    ☐ NONE

| 1. Creditor: <br> MERS <br><br> Last 4 Digits of Account No.: ☐ ☐ ☐ ☐ <br> Real Property <br> ☐ Principal Residence <br> ☐ Other (describe) <br><br> Address of Collateral: <br> 15 Sachem Dr | Creditor's Total Claim Amount: <br><br> Value of Collateral: <br> Subject to Appraisal <br> Secured Portion of Creditor's Lien: <br> Subject to Appraisal <br> Unsecured Portion of Creditor's claim*: <br> None <br> Interest Rate: ☐ <br> Check below regarding real property taxes and insurance: <br> ☐ Mortgage payments include escrow for: <br>   ☐ Real estate taxes <br>   ☐ Homeowners Insurance <br> ☐ Debtor pays directly for: <br>   ☐ Real estate taxes <br>   ☐ Homeowners Insurance <br> *Unsecured portion will be treated in Section IV or V, as appropriate. | **Proposed Secured Claim Amount** <br> Total Secured Claim to be treated in this Chapter 13 Plan: <br><br> If claim is for taxes, list principal amount of tax: <br> $12,500 Annually |
| 2. Creditor: <br> MERS <br><br> Last 4 Digits of Account No.: ☐ ☐ ☐ ☐ <br> Real Property <br> ☐ Principal Residence <br> ☑ Other (describe) <br> 10 Rosemary Dr. | Creditor's Total Claim Amount: <br> Subject to Appraisal <br> Value of Collateral: <br> Subject to Appraisal <br> Secured Portion of Creditor's Lien: <br> Subject to Appraisal | **Proposed Secured Claim Amount** <br> Total Secured Claim to be treated in this Chapter 13 Plan: <br> To be determined <br> If claim is for taxes, list principal amount of tax: <br> $7,500 Annually |

| | | |
|---|---|---|
| Address of Collateral:<br><br>*10 Rosemary Dr.* | Unsecured Portion of Creditor's claim*:<br><br><br>Interest Rate: [ ]<br><br>Check below regarding real property taxes and insurance:<br><br>☐ Mortgage payments include escrow for:<br>   ☐ Real estate taxes<br>   ☐ Homeowners Insurance<br>☐ Debtor pays directly for:<br>   ☐ Real estate taxes<br>   ☐ Homeowners Insurance<br>*Unsecured portion will be treated in Section IV or V, as appropriate. | |
| 3. Creditor:<br><br>*MERS*<br><br>Last 4 Digits of [ ] [ ] [ ] [ ]<br>Account No.:<br><br>Real Property<br>☐ Principal Residence<br>☑ Other (describe)<br><br>*73-75 Baldwin St*<br><br>Address of Collateral:<br><br>*73-75 Baldwin Street* | Creditor's Total Claim Amount:<br><br>*To be determined*<br><br>Value of Collateral:<br><br>*Subject to Appraisal*<br><br>Secured Portion of Creditor's Lien:<br><br>*To be determined*<br><br>Unsecured Portion of Creditor's claim*:<br><br>*None*<br><br>Interest Rate: [ ]<br><br>Check below regarding real property taxes and insurance:<br><br>☑ Mortgage payments include escrow for:<br>   ☑ Real estate taxes<br>   ☑ Homeowners Insurance<br>☐ Debtor pays directly for:<br>   ☐ Real estate taxes<br>   ☐ Homeowners Insurance<br>*Unsecured portion will be treated in Section IV or V, as appropriate. | **Proposed Secured Claim Amount**<br><br>Total Secured Claim to be treated in this Chapter 13 Plan:<br><br>*To be determined*<br><br>If claim is for taxes, list principal amount of tax:<br><br>*$7,500 Annually* |

2. **Vehicles:** ☐ NONE

| 1. Creditor: Ally Bank | Value of Collateral: 2,500 | **Payment** |
|---|---|---|
| Last 4 Digits of Account No.: 0 8 2 3 | Value of Creditor's Lien: 2,500 | Total Secured Claim to be treated in this Chapter 13 Plan: Outside of Plan |
| Check one below: ☐ Claim incurred 910 days or more pre-petition ☐ Claim incurred less than 910 days pre-petition | Interest Rate: [ ]  Description of Collateral (include first digit and last four digits of VIN# for any vehicle): 2 - 2 0 3 1 | If claim is for taxes, list principal amount of tax: |

| 2. Creditor: None | Value of Collateral: | **Payment** |
|---|---|---|
| Last 4 Digits of Account No.: ☐ ☐ ☐ ☐ | Value of Creditor's Lien: | Total Secured Claim to be treated in this Chapter 13 Plan: |
| Check one below: ☐ Claim incurred 910 days or more pre-petition ☐ Claim incurred less than 910 days pre-petition | Interest Rate: [ ]  Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐ - ☐ ☐ ☐ ☐ | If claim is for taxes, list principal amount of tax: |

| 3. Creditor: None | Value of Collateral: | **Payment** |
|---|---|---|
| Last 4 Digits of Account No.: ☐ ☐ ☐ ☐ | Value of Creditor's Lien: | Total Secured Claim to be treated in this Chapter 13 Plan: |
| Check one below: ☐ Claim incurred 910 days or more pre-petition ☐ Claim incurred less than 910 days pre-petition | Interest Rate: [ ]  Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐ - ☐ ☐ ☐ ☐ | If claim is for taxes, list principal amount of tax: |

**3. Personal Property:**    ☐ NONE

| 1. Creditor: *None* | Value of Collateral: | **Payment** |
|---|---|---|
| Last 4 Digits of Account No.: ☐ ☐ ☐ ☐ | Value of Creditor's Lien: | Total Secured Claim to be treated in this Chapter 13 Plan: |
| Check one below:<br>☐ Claim incurred one (1) year or more pre-petition.<br>☐ Claim incurred less than one (1) year post-petition. | Interest Rate: [ ]<br>Description of Collateral: | If claim is for taxes, list principal amount of tax: |
| 2. Creditor: *None* | Value of Collateral: | **Payment** |
| Last 4 Digits of Account No.: ☐ ☐ ☐ ☐ | Value of Creditor's Lien: | Total Secured Claim to be treated in this Chapter 13 Plan: |
| Check one below:<br>☐ Claim incurred one (1) year or more pre-petition.<br>☐ Claim incurred less than one (1) year post-petition. | Interest Rate: [ ]<br>Description of Collateral: | If claim is for taxes, list principal amount of tax: |
| 3. Creditor: *None* | Value of Collateral: | **Payment** |
| Last 4 Digits of Account No.: ☐ ☐ ☐ ☐ | Value of Creditor's Lien: | Total Secured Claim to be treated in this Chapter 13 Plan: |
| Check one below:<br>☐ Claim incurred one (1) year or more pre-petition.<br>☐ Claim incurred less than one (1) year post-petition. | Interest Rate: [ ]<br>Description of Collateral: | If claim is for taxes, list principal amount of tax: |

### 3.3 Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☒ The Debtor is seeking to avoid the fixing of judicial liens pursuant to 11 U.S.C. § 522(f). Judicial liens or nonpossessory, nonpurchase money security interests securing the claims may be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522(f) as listed below. A separate motion must be filed and served pursuant to Fed.R.Bankr.P. 7004 and applicable local rules.

To avoid liens pursuant to 11 U.S.C. § 522(f), the Debtor must file and serve a separate motion on the affected creditor(s) pursuant to Fed.R.Bankr.P. 3012, 7004 and 9014(b). The Debtor may at a later date seek to avoid a judicial lien held by a creditor not listed below. The details below are provided for informational purposes only, and are subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of the Debtor's motion to avoid lien. The amount of the creditor's avoided lien, if any, shall be treated with other general unsecured claims and paid *pro rata* provided that the creditor timely files a proof of claim. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section IV or V as applicable, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be

paid in full as a secured claim under this Chapter 13 Plan. *See*, 11 U.S.C. § 522(f) and Fed.R.Bankr.P. 4003(d). The Debtor discloses the intention to avoid liens held by the following creditors.

| 1. Creditor: MERS | Collateral: |
|---|---|
| Last 4 Digits of Account No.: ☐☐☐☐ | Basis for exemption: Home Stead Exemption |
| Total Amount of Creditor's Claim: | Amount of exemption that could be claimed: |
| | Amount of Claim to be treated as unsecured claim: |

| 2. Creditor: MERS | Collateral: |
|---|---|
| Last 4 Digits of Account No.: ☐☐☐☐ | Basis for exemption: NOT A Secured Creditor |
| Total Amount of Creditor's Claim: | Amount of exemption that could be claimed: |
| | Amount of Claim to be treated as unsecured claim: |

| 3. Creditor: MERS | Collateral: |
|---|---|
| Last 4 Digits of Account No.: ☐☐☐☐ | Basis for exemption: NOT A Secured Creditor |
| Total Amount of Creditor's Claim: | Amount of exemption that could be claimed: |
| | Amount of Claim to be treated as unsecured claim: |

**3.4 Surrender of Collateral.**

☒ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ The Debtor elects to surrender to each creditor listed below the Collateral identified.

☐ Upon the entry of an order confirming this Chapter 13 Plan, pursuant to 11 U.S.C. § 1327(b) and Fed.R.Bankr.P. 3015(g)(2), the Debtor requests that the stay of an act against property of the estate provided in 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the Collateral surrendered to each creditor listed below pursuant to this Chapter 13 Plan.

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 1. | ☐☐☐☐ | |

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 2. [        ] | ☐ ☐ ☐ ☐ | [        ] |
| 3. [        ] | ☐ ☐ ☐ ☐ | [        ] |

## IV.   TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

### 4.1  Applicability Of Post-Petition Interest.

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, _____% interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

### 4.2  Trustee's Fees.

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

### 4.3  Administrative Attorney's Fees.     ☐ PRO BONO

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| Not Sure | | | Not Sure |

Total Allowance Sought: [        ] (Fees and Expenses)

| Payable [        ] | [Check one] | ☐ Through this Chapter 13 Plan ☒ Outside of this Chapter 13 Plan |
|---|---|---|
| Payable [        ] | [Check one] | ☐ Through this Chapter 13 Plan ☐ Outside of this Chapter 13 Plan |
| Payable [        ] | [Check one] | ☐ Through this Chapter 13 Plan ☐ Outside of this Chapter 13 Plan |

Attorneys shall file applications for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 if the total allowance sought exceeds $4,000.00 before confirmation of this Chapter 13 Plan.  The Court will consider allowance of compensation and reimbursement of expenses without such an application if the total allowance sought equals or is less than $4,000.00.

### 4.4  Domestic Support Obligation(s).

☒ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

The allowed priority claims listed below are based on domestic support obligations, including domestic support obligations that have been assigned to or are owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4).

☐ There are domestic support obligations.

If this Chapter 13 Plan proposes less than full payment of a domestic support obligation then payments in this section shall be for a term of 60 months. *See,* 11 U.S.C. § 1322(a)(4). If the Debtor has domestic support obligations, use only the initials of minor children and do not list confidential information.

| 1. Name of Creditor: | BaNK of America |
|---|---|

Proof of Claim Number: [____]

☐ Current and paid outside of this Chapter 13 Plan.

☐ Not Current, and to be paid under this Plan as follows:

| 2. Name of Creditor: | Bank of America |
|---|---|

Proof of Claim Number: [____]

☐ Current and paid outside of this Chapter 13 Plan.

☐ Not Current, and to be paid under this Plan as follows:

| 3. Name of Creditor: | |
|---|---|

Proof of Claim Number: [____]

☐ Current and paid outside of this Chapter 13 Plan.

☐ Not Current, and to be paid under this Plan as follows:

## 4.5 Priority Claims.

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

This Chapter 13 Plan may provide for less than full payment of all claims entitled to priority under 11 U.S.C.§ 507(a)(1)(b) only if the Chapter 13 Plan provides that all of the Debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under this Chapter 13 Plan will be applied to make payments under the Chapter 13 Plan. This Chapter 13 Plan treats claims entitled to priority pursuant to 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4), as follows:

| 1. Name of Creditor: | No Claims filed As of Yet |
|---|---|

Proof of Claim Number: [____]

Total Due: [____]

Amount of Principal Due: [____]

Amount of Interest Due: [____]

Interest to be Paid Through Chapter 13 Plan?   ☐ Yes  ☐ No    Interest Rate: [____]

| | |
|---|---|
| 2. Name of Creditor: | |
| Proof of Claim Number: | |
| Total Due: | |
| Amount of Principal Due: | |
| Amount of Interest Due: | |
| Interest to be Paid Through Chapter 13 Plan? ☐ Yes ☐ No   Interest Rate: | |
| 3. Name of Creditor: | |
| Proof of Claim Number: | |
| Total Due: | |
| Amount of Principal Due: | |
| Amount of Interest Due: | |
| Interest to be Paid Through Chapter 13 Plan? ☐ Yes ☐ No   Interest Rate: | |

## V.  TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

### 5.1. Unsecured Non-Priority Claims, Dividend To Be Paid.

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*
Through this Chapter 13 Plan the Debtor proposes to pay the general unsecured creditors holding claims totaling:

a dividend of [        ] [        ] over a period of [        ] months.

If the Debtor is being treated as solvent under this Chapter 13 Plan (so that unsecured creditors receive 100% of their claims plus interest), the interest rate to be paid to unsecured, non-tax claims is

[      ] % per annum.

## VI.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ **None.** *If "None" is checked, the rest of this section need not be completed or reproduced.*
☐ The Debtor is seeking to assume or reject executory contracts or unexpired leases in this Plan pursuant to 11 U.S.C. § 365. The details of the executory contract and/or unexpired lease the Debtor is seeking to assume and/or reject is set forth below.
☐ **Assumed Contracts or Leases.** The Debtor shall make current installment payments or lease payments as specified below, subject to any contrary Court order or rule. Arrearage payments will be disbursed by the Chapter 13 Standing Trustee pursuant to the confirmation order.

| Name of Creditor | Description of Leased Property or Executory Contract | Current Installment Payment | Amount of Arrearage to be Paid | Treatment of Arrearage (Refer to Other Plan Section if Applicable) |
|---|---|---|---|---|
| Proof of Claim Number: | | $ <br> To be paid by Debtor. | $ <br> To be disbursed by Trustee. | |
| Proof of Claim Number: | | $ <br> To be paid by Debtor. | $ <br> To be disbursed by Trustee. | |
| Proof of Claim Number: | | $ <br> To be paid by Debtor. | $ <br> To be disbursed by Trustee. | |

☐ **Rejected Contracts or Leases**

| Name of Creditor | Description of Leased Property or Executory Contract | Estimated Claim to Be Treated in Section V |
|---|---|---|
| | | |
| | | |
| | | |

**Notice of Proof of Claim Bar Date:**
The counter-party to a rejected contract or rejected lease shall file a proof of claim within thirty (30) days after entry of an order confirming this Chapter 13 Plan.

## VII NON-STANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of this section need not be completed or reproduced.*

Non-standard provisions must be set forth below, or in an attachment. A non-standard provision is a provision not otherwise included in the Local Form Chapter 13 Plan or deviating from it. Non-standard provisions set out elsewhere in this Chapter 13 Plan are void.

**PURSUANT TO 11 U.S.C. § 1327(b), PROPERTY OF THE ESTATE WILL VEST
IN THE DEBTOR UPON ENTRY OF AN ORDER CONFIRMING THIS CHAPTER 13 PLAN.**

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

| | |
|---|---|
| *Johnny Ray Moore* | |
| (Debtor Signature) | (Joint Debtor Signature) |

| | | | |
|---|---|---|---|
| *Johnny Ray Moore*   *10/4/2019* | | | |
| Debtor (Type Name)          Date | Joint Debtor (Type Name) | Date | |

| | |
|---|---|
| | |
| Attorney with permission to sign on Debtor's behalf | Date |

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.