UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport DIVISION

IN RE:                                   : CHAPTER 13
JOHNNY RAY MOORE                         : CASE NO. 19-51257-JAM

        Debtor(s)                        : December 11, 2019

**TRUSTEE'S MOTION TO DISMISS CASE WITH PREJUDICE
UNDER 11 U.S.C. SECTIONS 1307 and 349(a)**

To the Debtor and all other parties in interest:

The Chapter 13 Trustee moves the Court to dismiss this case with prejudice under 11

U.S.C. Section 1307 for, among other things, unreasonable delay which is prejudicial to

creditors.

1.      The Court has the authority to dismiss this case with prejudice.  This is a second filing

with no reasonable prospect of confirming a Chapter 13 Plan  Sections 105(a) and 349(a) of the

Bankruptcy Code permit a bankruptcy court, in an appropriate case, to prohibit a serial filer from

filing petitions for periods of time exceeding 180 days. In re Casse, 198 F.3d 327, 339 (2d Cir.

1999).  The Debtor's multiple bankruptcy filings demonstrate bad faith.  Manipulating the

judicial process by reimposing the automatic stay through multiple filings works an

unconscionable fraud on creditors.  In re Peia, 204 B.R. 310, 314 (Bankr. D. Conn. 1996).

2.      Section 349 of the Bankruptcy Code "allows the bankruptcy court the alternative of

conditioning the dismissal of a case with limitations on subsequent petitions where cause exists."

In re Felberman, 196 B.R. 678, 682 (Bankr. S.D.N.Y. 1995).

3.      The Debtor's bad faith provides cause for limiting the Debtor's ability to file subsequent

petitions.  A Debtor shows bad faith if the "sole and transparent purpose" of a bankruptcy is to

"frustrate" foreclosure proceedings.  In re Casse, 198 F.3d 327, 329 (2d Cir. 1999).

4.    The records of the Connecticut Superior Court show the Debtor filed bankruptcy on the

eve of, or very close to, law days in a foreclosure affecting the Debtor's property. The records of

the Connecticut Superior Court show four pending foreclosure matters. A list is attached as

Exhibit A. It should be noted that the matter of Tower Lien, LLC v Moore, FBT-CV-12-6028284

listed twice due to variations in the Debtor's name was withdrawn on November 26, 2019 and is

not currently pending. The debtor is the defendant in that matter currently pending before the

Connecticut Superior Court known as Christiana Trust, A Division of Wilmington Savings v.

Johnny Ray Moore NNH-CV09-6005365 (the "Foreclosure"). The Foreclosure concerns

property at 83 Willis Street in New Haven. A copy of the docket in the Foreclosure is attached

as Exhibit B. The Connecticut Superior Court entered judgment of strict foreclosure in the

Foreclosure on April 2, 2012 setting a law day of June 4, 2012. The Debtor filed a Chapter 13

matter as case 12-51027 on May 31, 2012. The matter would be converted to one under Chapter

11 on November 29, 2011 through an order entered as ECF No. 84. The matter was then

converted to one under Chapter 7 (see ECF 358) on October 29, 2014, following Motions filed

by both the United States Trustee and a creditor. The property which was the subject of the

foreclosure was abandoned by the Chapter 7 Trustee on January 9, 2015. Notice of the

abandonment was filed on March 18, 2015 along with a motion to re-set the law days of even

date. See docket 139 and 140. An appeal to the Appellate Court intervened and was eventually

dismissed on June 10, 2015.   The Connecticut Superior Court entered judgment in the

Foreclosure on January 19, 2016 setting a law day April 4, 2016. It appears that the Debtor may

have been able to avoid the running of the law days through the filing of Motions to Reargue or

Reconsider. The Debtor filed another Chapter 13 as case 16-51133 on August 24, 2016. The

court dismissed the case with a one year bar on future filings on January 12, 2018. A detailed

recitation of the courts findings and analysis is set out in the nine page order at ECF No. 344. It is significant that the matter dismissed due to the Debtor exceeding the Debt limits for being a debtor under Chapter 13. Various efforts at appellate review ended with the dismissal of the appeal on March 14, 2019 by the District Court (ECF No. 405). While no further action has taken place in the Superior Court the Debtor has filed the above captioned action on September 20, 2019. Internet publication of a governmental document on an official website constitutes an "official publication" within Federal Rule of Evidence 902(5). Under Rule 902(5), official publications of government offices are self-authenticating. The docket of the Connecticut Superior Court in the Foreclosure, available online at jud.ct.gov, is attached to this motion as Exhibit B. Copies of the Judgments referenced above are attached as Exhibits C and D.

5.      The Debtor has basis to challenge the mortgagee's debt in the above described Foreclosure. It must be acknowledged that no judgment has entered in the three other pending foreclosure matters. The procedure for entering a judgment of strict foreclosure is: "On an application for a foreclosure the court **will ascertain the sum that is due on the mortgage**, and enquire into the value of the mortgaged premises, and will limit a time for redemption having regard to the value of the [mortgaged] premises when compared with the debt. <u>Brand v. Woolson</u>, 120 Conn. 211, 180 A. 293, 295 (1935), **emphasis** added. United States Bankruptcy Courts have no jurisdiction to undo the findings of the Connecticut Superior Court. "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983).

6.      The Court may dismiss a case with prejudice if it is financially impossible for the Debtor to fund a Chapter 13 Plan which complies with Sections 1322 and 1325 of the Bankruptcy Code. <u>Felberman</u> at 686. A filed claim is deemed an allowed claim. 11 U.S.C. § 503. "However

honest in its efforts the debtor may be, and however sincere its motives, the District Court is not bound to clog its docket with visionary or impracticable schemes for resuscitation." Tennessee Pub. Co. v. Am. Nat. Bank, 299 U.S. 18, 22, 57 S. Ct. 85, 87, 81 L. Ed. 13 (1936).

7.      Pursuant to 11 USC s. 109 (e) only an individual with secured debts of less than $1,275,850.00 may be a debtor under Chapter 13 of the bankruptcy code. The secured claims filed in this case total $1,808,269.46, well above the debt limit. As Debtor's Plan appears to contemplate motions to determine the value of secured claims it is worth noting that, based on valuations provided to the Trustee by the Debtor, the Debtor's properties would be valued at $1,548,000.00 and would presumably support secured claims in at least that amount still well above the secured debt limit. There is no basis to believe that the Debtor had a good faith basis for thinking that his debts had been reduced below the secured debt limits following the dismissal of his case for exceeding the debt limit in 2018. The Debtor's Plan is itself further evidence of the bad faith nature of the filing. It contains what appear to be indicators that claims will be treated under section 506 or 522f however there are no figures showing the amount of the debt to be paid. The Plan cannot be administered by the court or the Trustee and does not give meaningful notice to creditors. Given the total amount of the secured claims and the fair market value of the properties listed above it is clear that the $500.00 a month payment proposed by the Plan will not address the Debtors filed claims. While the Debtor's schedules I and J show substantial income they also show remarkably understated mortgage payments and real estate taxes and do not provide a realistic picture of Debtor's finances.

8.      Because the Debtor has filed 2 prior bankruptcy cases on the eve of foreclosure, has not demonstrated good faith by bringing a third case at a time when his secured claims exceed the debt limits following the dismissal of his second case for that very reason and has not proposed a

meaningful plan, the Chapter 13 trustee respectfully requests that this Court dismiss this case, bar

the Debtor from refiling a case under any chapter of the Bankruptcy Code for a period of two

years, and grant such other and further relief as the court may deem appropriate in the

circumstances.

Dated at Hartford, Connecticut on December 11, 2019.
ROBERTA NAPOLITANO, TRUSTEE

/s/ Patrick Crook
By Patrick Crook Staff Atty. Ct07670
Chapter 13 Standing Trustee
10 Columbus Blvd., 6th Floor
Hartford, Connecticut 06106
Tel: 860-278-9410, ext. 130
Fax: 860-527-6185
pcrook@ch13rn.com

Exhibit A

12/11/2019                              Party Name Search Results

 **State of Connecticut Judicial Branch**
# Superior Court Case Look-up


### Party Name Search Results

Superior Court Case Look-up
  Civil/Family
  Housing
  Small Claims
-
Attorney/Firm Juris Number Look-up 

Case Look-up
  By Party Name
  By Docket Number
  By Attorney/Firm Juris Number
  By Property Address
-
Short Calendar Look-up
  By Court Location
  By Attorney/Firm Juris Number
  Motion to Seal or Close
  Calendar Notices
-
Court Events Look-up
  By Date
  By Docket Number
  By Attorney/Firm Juris Number
-
Pending Foreclosure Sales 

Understanding
Display of Case Information
-
Contact Us


**Comments**

**New Search**

**Records: 1-6 of 6**
### Results for Party Last Name MOORE

| Party Name | Case Name | Docket No. | Court Location | Pty No. | Self-Rep. |
|---|---|---|---|---|---|
| MOORE JOHNNY R | TOWER LIEN, LLC v. MOORE, JOHNNY | FBT-CV-12-6028284-S | Bridgeport JD | D-50 | Y |
| MOORE JOHNNY RAY | TOWER LIEN, LLC v. MOORE, JOHNNY | FBT-CV-12-6028284-S | Bridgeport JD | D-59 | |
| MOORE JOHNNY RAY | THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO v. MOORE, JOHNNY RAY | FBT-CV-18-6074995-S | Bridgeport JD | D-01 | Y |
| MOORE JOHNNY RAY | JPMORGAN CHASE BANK NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY | FBT-CV-18-6076680-S | Bridgeport JD | D-01 | Y |
| MOORE JOHNNY RAY | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY | AAN-CV-09-6001369-S | Milford JD | D-50 | Y |
| MOORE JOHNNY RAY | CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS v. MOORE, JOHNNY RAY | NNH-CV-09-6005365-S | New Haven JD | D-50 | Y |

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information |
News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2019, State of Connecticut Judicial Branch

Page Created on 12/11/2019 at 6:46:01 PM

civilinquiry.jud.ct.gov/PartySearch.aspx                                        1/1

Exhibit B

 

### State of Connecticut Judicial Branch
## Superior Court Case Look-up

Superior Court Case Look-up
- Civil/Family
- Housing
- Small Claims

Attorney/Firm Juris Number Look-up 🗗

Case Look-up
- By Party Name
- By Docket Number
- By Attorney/Firm Juris Number
- By Property Address

Short Calendar Look-up
- By Court Location
- By Attorney/Firm Juris Number
- Motion to Seal or Close
- Calendar Notices

Court Events Look-up
- By Date
- By Docket Number
- By Attorney/Firm Juris Number

Pending Foreclosure Sales 🗗

Understanding
Display of Case Information

Contact Us



Comments

**NNH-CV09-6005365-S**   CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS v. MOORE, JOHNNY RAY

**Prefix/Suffix:** [none]   **Case Type:** P00   **File Date:** 10/15/2009   **Return Date:** 10/27/2009

| Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help | ▶ |

Pending Foreclosure Sales     To receive an email when there is activity on this case, click here. 🗗

Information Updated as of: 12/11/2019

| Case Information |
|---|
| **Case Type:** P00 - Property - Foreclosure |
| **Court Location:** NEW HAVEN JD |
| **List Type:** No List Type |
| **Trial List Claim:** |
| **Last Action Date:** 08/24/2016  (The "last action date" is the date the information was entered in the system) |

| Disposition Information |
|---|
| **Disposition Date:** 01/19/2016 |
| **Disposition:** JUDGMENT OF STRICT FORECLOSURE |
| **Judge or Magistrate:** HON STEVEN ECKER |

**Party & Appearance Information**

| Party | No Fee Party | Category |
|---|---|---|
| **P-01 CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS SOCIETY, FSB** | | Plaintiff |
| Attorney: 🖪 MCCALLA RAYMER LEIBERT PIERCE LLC (101589) File Date: 10/15/2009 50 WESTON STREET HARTFORD, CT 06120 | | |
| **D-50 JOHNNY RAY MOORE** | | Defendant |
| Self-Rep: 15 SACHEM DRIVE SHELTON, CT 06484    File Date: 12/23/2009 | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an 🖪 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the Notices tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| Motions / Pleadings / Documents / Case Status |
|---|

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 10/15/2009 | P | SUMMONS | |
| | 10/15/2009 | P | COMPLAINT | |
| | 10/15/2009 | P | RETURN OF SERVICE | |
| | 04/16/2012 | D | APPEARANCE | |

Case Detail - NNH-CV09-6005365-S

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | Appearance |  |
|  | 01/12/2016 | D | **APPEARANCE**<br>Appearance |  |
|  | 01/15/2016 | D | **APPEARANCE**<br>Appearance |  |
|  | 04/18/2016 |  | **APPEARANCE** |  |
| 101.00 | 10/15/2009 | P | **FORECLOSURE MEDIATION PLAINTIFF'S COMPLIANCE WITH SERVICE (NO DOCUMENT)** | No |
| 101.25 | 10/15/2009 | C | **FORECLOSURE MEDIATION – ELIGIBLE CASE (NO DOCUMENT)** | No |
| 101.50 | 10/16/2009 | C | **FORECLOSURE MEDIATION-COMPLIANCE WITH P.A.09-209 (NO DOCUMENT) SEE FORM# JD-CV-109** | No |
| 101.75 | 11/12/2009 | C | **FORECLOSURE MEDIATION TIME PERIOD EXPIRED** | No |
| 102.00 | 12/22/2009 | P | **MOTION FOR DEFAULT-FAILURE TO APPEAR**<br>*RESULT:* Denied 12/28/2009 BY THE CLERK | No |
| 102.10 | 12/30/2009 | C | **ORDER** 🗐<br>*RESULT:* Denied 12/28/2009 BY THE CLERK | No |
| 103.00 | 12/22/2009 | P | **MOTION FOR JUDGMENT-STRICT FORECLOSURE**<br>*RESULT:* Order 4/2/2012 HON TERENCE ZEMETIS | Yes |
| 103.10 | 04/02/2012 | C | **ORDER** 🗐<br>*RESULT:* Order 4/2/2012 HON TERENCE ZEMETIS | No |
| 104.00 | 12/22/2009 | P | **APPRAISAL** | No |
| 105.00 | 01/05/2010 | P | **MOTION FOR DEFAULT-FAILURE TO PLEAD**<br>*RESULT:* Denied 1/15/2010 BY THE CLERK | No |
| 105.10 | 01/15/2010 | C | **ORDER** 🗐<br>*RESULT:* Denied 1/15/2010 BY THE CLERK | No |
| 106.00 | 12/29/2009 | D | **MOTION TO DISMISS**<br>WRONG FILE DATE ENTERED<br>*RESULT:* Denied 2/25/2010 HON JAMES ABRAMS | Yes |
| 106.10 | 02/04/2010 | C | **ORDER** 🗐<br>*RESULT:* Denied 2/4/2010 HON JAMES ABRAMS | No |
| 106.20 | 02/11/2010 | C | **ORDER VACATED** 🗐<br>*RESULT:* Order 2/11/2010 HON JAMES ABRAMS | No |
| 106.30 | 02/25/2010 | C | **ORDER** 🗐<br>*RESULT:* Denied 2/25/2010 HON JAMES ABRAMS | No |
| 107.00 | 01/19/2010 | P | **MOTION TO SUBSTITUTE ELECTRONIC DOCUMENT** | No |
| 108.00 | 01/20/2010 | P | **OBJECTION TO MOTION TO DISMISS**<br>*RESULT:* Sustained 2/4/2010 HON JAMES ABRAMS | Yes |
| 108.10 | 02/04/2010 | C | **ORDER** 🗐<br>*RESULT:* Sustained 2/4/2010 HON JAMES ABRAMS | No |
| 108.20 | 02/11/2010 | C | **ORDER VACATED** 🗐<br>*RESULT:* Order 2/11/2010 HON JAMES ABRAMS | No |
| 109.00 | 01/27/2010 | D | **NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY** | No |
| 110.00 | 02/22/2010 | D | **BRIEF** | No |
| 111.00 | 02/22/2010 | D | **MEMORANDUM** | No |
| 112.00 | 03/08/2010 | D | **MOTION TO VACATE ORDER**<br>*RESULT:* Denied 3/23/2010 HON JAMES ABRAMS | No |
| 112.10 | 03/23/2010 | C | **ORDER** 🗐<br>*RESULT:* Denied 3/23/2010 HON JAMES ABRAMS | No |
| 113.00 | 07/30/2010 | P | **MOTION FOR DEFAULT-FAILURE TO PLEAD**<br>*RESULT:* Granted 8/9/2010 BY THE CLERK | No |
| 113.10 | 08/09/2010 | C | **ORDER** 🗐<br>*RESULT:* Granted 8/9/2010 BY THE CLERK | No |
| 114.00 | 08/06/2010 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 115.00 | 08/31/2010 | P | **AFFIDAVIT OF COMPLIANCE WITH EMAP** | No |
| 116.00 | 09/01/2010 | P | **APPRAISAL** | No |
| 117.00 | 09/02/2010 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |
| 118.00 | 09/02/2010 | P | **AFFIDAVIT OF DEBT** | No |
| 119.00 | 09/02/2010 | P | **AFFIDAVIT RE: ATTORNEY/COUNSEL FEES** | No |

12/11/2019

Case Detail - NNH-CV09-6005365-S

| | | | | |
|---|---|---|---|---|
| 120.00 | 09/03/2010 | D | **MOTION TO DISMISS**<br>*RESULT:* Denied 10/12/2010 HON TERENCE ZEMETIS | Yes |
| 120.10 | 10/12/2010 | C | <u>ORDER</u> 🗐<br>*RESULT:* Denied 10/12/2010 HON TERENCE ZEMETIS | No |
| 121.00 | 09/15/2010 | P | **OBJECTION TO MOTION TO DISMISS** | Yes |
| 122.00 | 10/08/2010 | D | **MOTION FOR CONTINUANCE** | No |
| 123.00 | 10/12/2010 | C | **LIST OF EXHIBITS** | No |
| 124.00 | 10/29/2010 | D | **MOTION FOR EXTENSION OF TIME** | No |
| 125.00 | 12/30/2011 | P | **AFFIDAVIT FEDERAL LOSS MITIGATION PROGRAMS (JD-CL-114)** | No |
| 126.00 | 03/29/2012 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |
| 127.00 | 03/29/2012 | P | **AFFIDAVIT OF DEBT** | No |
| 128.00 | 03/29/2012 | P | **AFFIDAVIT RE: ATTORNEY/COUNSEL FEES** | No |
| 129.00 | 03/29/2012 | P | **APPRAISAL** | No |
| 130.00 | 03/30/2012 | D | **MOTION TO DISMISS**<br>*RESULT:* Denied 4/30/2012 HON TERENCE ZEMETIS | Yes |
| 130.10 | 04/30/2012 | C | <u>ORDER</u> 🗐<br>*RESULT:* Denied 4/30/2012 HON TERENCE ZEMETIS | No |
| 131.00 | 04/02/2012 | C | <u>JUDGMENT OF STRICT FORECLOSURE</u> 🗐<br>*RESULT:* 4/2/2012 HON TERENCE ZEMETIS | No |
| 132.00 | 04/10/2012 | P | **MOTION TO OPEN JUDGMENT**<br>Nunc Pro Tunc - Count II of Plaintiff's Complaint<br>*RESULT:* Granted 4/30/2012 HON TERENCE ZEMETIS | No |
| 132.10 | 04/23/2012 | C | <u>ORDER</u> 🗐<br>*RESULT:* Off 4/23/2012 HON TERENCE ZEMETIS | No |
| 132.20 | 04/30/2012 | C | <u>ORDER</u> 🗐<br>*RESULT:* Granted 4/30/2012 HON TERENCE ZEMETIS | No |
| 133.00 | 04/12/2012 | D | **MOTION FOR ARTICULATION** | No |
| 134.00 | 04/16/2012 | D | **OBJECTION**<br>Objection to Plaintiff's Motion to Open Judgment<br>*RESULT:* Sustained 4/30/2012 HON TERENCE ZEMETIS | No |
| 134.10 | 04/30/2012 | C | <u>ORDER</u> 🗐<br>*RESULT:* Sustained 4/30/2012 HON TERENCE ZEMETIS | No |
| 135.00 | 04/26/2012 | P | **OBJECTION TO MOTION TO DISMISS** | Yes |
| 136.00 | 05/15/2012 | D | **MOTION TO OPEN AND VACATE JUDGMENT**<br>*RESULT:* Denied 5/29/2012 HON TERENCE ZEMETIS<br>Last Updated:  Result Information - 05/14/2015 | No |
| 136.10 | 05/29/2012 | C | **RECORD CORRECTION**<br>*RESULT:* Denied 5/28/2012 HON TERENCE ZEMETIS<br>Last Updated:  Result Information - 05/14/2015 | No |
| 136.20 | 05/29/2012 | C | <u>ORDER</u> 🗐<br>CORRECTED ORDER DATE<br>*RESULT:* Denied 5/29/2012 HON TERENCE ZEMETIS | No |
| 137.00 | 05/29/2012 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 138.00 | 06/01/2012 | D | **NOTICE OF BANKRUPTCY** | No |
| 139.00 | 03/18/2015 | P | **NOTICE OF RELIEF FROM STAY**<br>Notice of Trustee Abandonment | No |
| 140.00 | 03/18/2015 | P | **MOTION TO RESET LAW DAYS AFTER FILING OF A BANKRUPTCY PETITION (CGS 49-15)**<br>*RESULT:* Order 1/19/2016 HON STEVEN ECKER | Yes |
| 140.10 | 01/19/2016 | C | <u>ORDER</u> 🗐<br>*RESULT:* Order 1/19/2016 HON STEVEN ECKER | No |
| 140.15 | 01/27/2016 | C | <u>ORDER</u> 🗐<br>*RESULT:* Order 1/27/2016 HON STEVEN ECKER | No |
| 140.20 | 01/19/2016 | C | **REPLACE RECORD TO PLEADING STATUS (KEYPOINT 2) AND ERASE ALL HIGHER KEYPOINT DATES** | No |
| 141.00 | 04/06/2015 | D | **APPEAL TO APPELLATE COURT ALL FEES PAID** | No |
| 142.00 | 04/20/2015 | C | **APPELLATE COURT MATERIAL** | No |
| 143.00 | 06/10/2015 | C | <u>APPELLATE COURT DECISION APPEAL DISMISSED</u> 🗐<br>*RESULT:* BY THE COURT | No |
| 144.00 | 07/08/2015 | C | <u>ORDER</u> 🗐 | No |

12/11/2019

Case Detail - NNH-CV09-6005365-S

| | | | | |
|---|---|---|---|---|
| | | | *RESULT:* Denied 7/8/2015 BY THE COURT | |
| 145.00 | 10/16/2015 | P | **MOTION TO SUBSTITUTE PARTY**<br>w/ appearance<br>*RESULT:* Granted 11/4/2015 HON ANTHONY AVALLONE | No |
| 145.10 | 11/04/2015 | C | ORDER 🗐<br>*RESULT:* Granted 11/4/2015 HON ANTHONY AVALLONE | No |
| 146.00 | 10/26/2015 | D | **OBJECTION TO MOTION**<br>*RESULT:* Overruled 11/4/2015 HON ANTHONY AVALLONE | No |
| 146.10 | 11/04/2015 | C | ORDER 🗐<br>*RESULT:* Overruled 11/4/2015 HON ANTHONY AVALLONE | No |
| 147.00 | 10/30/2015 | P | **REPLY**<br>Reply to Obj to Motion to Sub (146.00) | No |
| 148.00 | 10/30/2015 | D | **REQUEST FOR ARGUMENT - NON-ARG MATTER (JD-CV-128)** | No |
| 149.00 | 11/04/2015 | D | **REPLY** | No |
| 150.00 | 11/23/2015 | D | **MOTION TO REARGUE/RECONSIDER**<br>*RESULT:* Denied 12/15/2015 HON ANTHONY AVALLONE | No |
| 150.10 | 12/15/2015 | C | ORDER 🗐<br>*RESULT:* Denied 12/15/2015 HON ANTHONY AVALLONE | No |
| 151.00 | 12/04/2015 | P | **OBJECTION TO MOTION**<br>Objection to Motion to Reargue (150.00) | No |
| 152.00 | 12/11/2015 | D | **NOTICE**<br>Notice of Deposition of Barbara Hindman | No |
| 153.00 | 12/18/2015 | P | **MOTION FOR PROTECTIVE ORDER PB 13-5**<br>Motion for Protective Order- Deposition of Barbara Hindman (Docket Entry No. 152.00) | No |
| 154.00 | 01/12/2016 | D | **MOTION FOR EXTENSION OF TIME**<br>Defendant's Motion For Extension Of Time To Respond To Plaintiff's Motion To Reset Law Days<br>*RESULT:* Denied 1/19/2016 HON STEVEN ECKER | No |
| 154.10 | 01/19/2016 | C | ORDER 🗐<br>*RESULT:* Denied 1/19/2016 HON STEVEN ECKER | No |
| 155.00 | 01/14/2016 | P | **AFFIDAVIT OF DEBT** | No |
| 156.00 | 01/14/2016 | P | **APPRAISAL** | No |
| 157.00 | 01/14/2016 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |
| 158.00 | 01/15/2016 | D | **MOTION FOR CONTINUANCE**<br>Def. Motion For Continuance Of Hearing On Plaintiff's Motion To Reset Law Days After Bankruptcy<br>*RESULT:* Order 1/19/2016 HON STEVEN ECKER | No |
| 158.10 | 01/19/2016 | C | ORDER 🗐<br>*RESULT:* Order 1/19/2016 HON STEVEN ECKER | No |
| 159.00 | 01/15/2016 | P | **OBJECTION TO MOTION FOR EXTENSION OF TIME** | No |
| 160.00 | 01/15/2016 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |
| 161.00 | 01/15/2016 | P | **AFFIDAVIT RE: ATTORNEY/COUNSEL FEES** | No |
| 162.00 | 01/15/2016 | P | **WITHDRAWAL OF MOTION**<br>157.00 Foreclosure Worksheet | No |
| 163.00 | 01/19/2016 | C | JUDGMENT OF STRICT FORECLOSURE 🗐<br>*RESULT:* HON STEVEN ECKER | No |
| 164.00 | 01/27/2016 | P | **BILL OF COSTS FILED FOR TAXATION BY CLERK - PB SEC 18-5** | No |
| 164.10 | 02/29/2016 | C | ORDER 🗐<br>*RESULT:* Order 2/29/2016 BY THE CLERK | No |
| 165.00 | 02/04/2016 | D | **DOCUMENT SEALED** | No |
| 165.10 | 04/05/2016 | C | ORDER 🗐<br>*RESULT:* Order 4/5/2016 HON STEVEN ECKER | No |
| 166.00 | 02/08/2016 | D | **DOCUMENT SEALED**<br>*RESULT:* Denied 4/4/2016 HON STEVEN ECKER | No |
| 166.10 | 02/23/2016 | C | ORDER 🗐<br>*RESULT:* Off 2/23/2016 HON STEVEN ECKER | No |
| 166.20 | 04/04/2016 | C | ORDER 🗐<br>*RESULT:* Denied 4/4/2016 HON STEVEN ECKER | No |
| 166.30 | 04/04/2016 | C | ORDER 🗐<br>*RESULT:* Order 4/4/2016 HON STEVEN ECKER | No |

12/11/2019                                    Case Detail - NNH-CV09-6005365-S

| | | | | |
|---|---|---|---|---|
| 167.00 02/16/2016 | P | **OBJECTION TO MOTION**<br>Objection to Motion to Reargue<br>*RESULT:* Sustained 4/4/2016 HON STEVEN ECKER | | No |
| 167.10 04/04/2016 | C | ORDER 🗐<br>*RESULT:* Sustained 4/4/2016 HON STEVEN ECKER | | No |
| 168.00 02/18/2016 | D | **MOTION FOR CONTINUANCE**<br>Defendant's Motion For Continuance Of Hearing On Motion To Reargue &<br>Objection Thereto | | No |
| 169.00 03/28/2016 | D | **EXHIBITS**<br>Exhibits In Support Of Defendant's Motion To Reargue | | No |
| 170.00 04/04/2016 | D | **EXHIBITS**<br>Discharge from Chapter 7 Bankruptcy Case of Johnny Ray Moore | | No |
| 171.00 04/04/2016 | D | **EXHIBITS**<br>Copy of 1099 -C As A Result Of Bankruptcy Discharge (Johnny Ray Moore) | | No |
| 172.00 04/04/2016 | D | **EXHIBITS**<br>Equity Bank v. Gonsalves Decision In Support Of Defendant's Motion To<br>Reargue | | No |
| 173.00 04/13/2016 | D | **NOTICE**<br>Defendant's (Johnny Ray Moore) Notice Of Violation Of U.S.C. Section 524 | | No |
| 174.00 04/18/2016 | D | **MOTION FOR STAY**<br>*RESULT:* Denied 5/9/2016 HON ANTHONY AVALLONE<br>Last Updated:  Legend Code - 04/27/2016 | | No |
| 174.10 05/09/2016 | C | ORDER 🗐<br>*RESULT:* Denied 5/9/2016 HON ANTHONY AVALLONE | | No |
| 175.00 04/18/2016 | D | **AFFIDAVIT THAT PARTY IS IN BANKRUPTCY** | | No |
| 176.00 04/27/2016 | P | **OBJECTION TO MOTION**<br>for Stay and Notice of Bankruptcy<br>*RESULT:* Sustained 5/9/2016 HON ANTHONY AVALLONE | | No |
| 176.10 05/09/2016 | C | ORDER 🗐<br>*RESULT:* Sustained 5/9/2016 HON ANTHONY AVALLONE | | No |
| 177.00 05/03/2016 | D | **MOTION FOR CONTINUANCE**<br>*RESULT:* Denied 5/6/2016 HON ANTHONY AVALLONE<br>Last Updated:  Result Information - 05/25/2016 | | No |
| 178.00 05/18/2016 | D | **MOTION TO OPEN AND VACATE JUDGMENT**<br>*RESULT:* Dismissed 6/27/2016 HON ANTHONY AVALLONE<br>Last Updated:  Result Information - 05/25/2016 | | No |
| 178.10 06/27/2016 | C | ORDER 🗐<br>*RESULT:* Order 6/27/2016 HON ANTHONY AVALLONE | | No |
| 179.00 05/18/2016 | D | **MEMORANDUM**<br>Last Updated:  Result Information - 05/25/2016 | | No |
| 180.00 05/19/2016 | D | **AMENDMENT**<br>Last Updated:  Result Information - 05/25/2016 | | No |
| 181.00 05/19/2016 | D | **AMENDMENT**<br>Last Updated:  Result Information - 05/25/2016 | | No |
| 182.00 05/25/2016 | P | **OBJECTION TO MOTION**<br>Objection to Motion to Open 178.00 | | No |
| 183.00 05/31/2016 | D | **MOTION TO REARGUE/RECONSIDER**<br>Defendant's Motion to Reargue Doc. No. 174. This is Doc. No. 183<br>*RESULT:* Denied 7/11/2016 HON ANTHONY AVALLONE | | No |
| 183.10 07/11/2016 | C | ORDER 🗐<br>*RESULT:* Denied 7/11/2016 HON ANTHONY AVALLONE | | No |
| 184.00 06/03/2016 | D | **MOTION FOR ORDER**<br>mtion for order to correct misfiling of Doc No. 180 and Doc. No. 181 in order for<br>Defendant 2 claim | | No |
| 185.00 06/06/2016 | P | **OBJECTION TO MOTION**<br>Objection to Motion to Reargue (183.00) | | No |
| 186.00 06/16/2016 | D | **MOTION FOR CONTINUANCE**<br>motion to reargue Doc. No. 183 | | No |
| 187.00 06/17/2016 | P | **OBJECTION TO MOTION**<br>Objection to Motion for Continuance (186.00)<br>*RESULT:* Sustained 7/5/2016 HON ANTHONY AVALLONE | | No |
| 187.10 07/05/2016 | C | ORDER 🗐<br>*RESULT:* Sustained 7/5/2016 HON ANTHONY AVALLONE | | No |
| 188.00 07/11/2016 | D | **EXHIBITS**<br>Exhibit C. in support of Motion to Reargue Doc. No. 183 | | No |

12/11/2019                  Case Detail - NNH-CV09-6005365-S

| 189.00 | 07/11/2016 | D | **EXHIBITS**<br>Exhibit D. ( copy of Bankruptcy Transcript ) in support of Motion to Reargue<br>Doc. No. 183 | No |
|---|---|---|---|---|
| 190.00 | 07/11/2016 | D | **EXHIBITS**<br>Exhibit E. ( Homecomings Finacial LLC) in support of Motion to Reargue<br>Doc.No. 183 | No |
| 191.00 | 07/18/2016 | D | **MOTION TO REARGUE/RECONSIDER**<br>Defendant's Motion to Reargue/Reconsider regarding Doc. No. 178<br>*RESULT:* Denied 8/8/2016 HON ANTHONY AVALLONE | No |
| 191.10 | 08/08/2016 | C | **ORDER** 🖬<br>*RESULT:* Denied 8/8/2016 HON ANTHONY AVALLONE | No |
| 192.00 | 07/22/2016 | P | **OBJECTION TO MOTION**<br>Objection to Motion to Reargue 191.00 | No |
| 193.00 | 08/02/2016 | D | **REPLY**<br>Defendant's Reply to Plaintiff's Objection to Defendant's Motion for<br>Reconsideration (Doc.No. 192) f | No |
| 194.00 | 08/03/2016 | D | **MOTION FOR CONTINUANCE**<br>The Defendant reclaimed its Motion for Reconsideration and filed Relpy to<br>Plaintiff's Obj.(193 &193)<br>*RESULT:* Denied 8/4/2016 HON ANTHONY AVALLONE | No |
| 194.10 | 08/04/2016 | C | **ORDER** 🖬<br>*RESULT:* Denied 8/4/2016 HON ANTHONY AVALLONE | No |
| 195.00 | 08/04/2016 | P | **OBJECTION TO MOTION**<br>Objection to Motion for Continuance and Sur-reply to Reply (193.00 & 194.00)<br>*RESULT:* Granted 8/5/2016 HON ANTHONY AVALLONE | No |
| 195.10 | 08/05/2016 | C | **ORDER** 🖬<br>*RESULT:* Granted 8/5/2016 HON ANTHONY AVALLONE | No |
| 196.00 | 08/08/2016 | D | **MOTION FOR STATUTORY CONTINUANCE**<br>Defendant's would like to Claim both its Motion for adjudication having<br>appeared on Short Calendar | No |
| 197.00 | 08/11/2016 | D | **MOTION FOR ARTICULATION**<br>The Defendant's seeks Articulation of Court's Ruling regarding (doc. no.178)<br>and (doc. no 191) | No |
| 198.00 | 08/11/2016 | D | **NOTICE OF INTENTION TO APPEAL**<br>The Defendant seeks to Appeal the Court Decison regarding (doc. no. 178) | No |
| 199.00 | 08/24/2016 | P | **AFFIDAVIT THAT PARTY IS IN BANKRUPTCY** | No |

| Scheduled Court Dates as of 12/10/2019 | | | | |
|---|---|---|---|---|
| NNH-CV09-6005365-S - CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS v. MOORE, JOHNNY RAY | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil🖉 or family🖉 standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up🖉 page and Short Calendars By Juris Number🖉 or By Court Location🖉

.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party

12/11/2019        Case Detail - NNH-CV09-6005365-S

may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2019, State of Connecticut Judicial Branch

Page Created on 12/11/2019 at 6:46:06 PM

Exhibit C

DOCKET NUMBER: **NNHCV096005365S**
JPMORGAN CHASE BANK NATIONAL
ASSOCIATION
vs.
JOHNNY RAY MOORE

JUDICIAL DISTRICT
OF NEW HAVEN

JUDGMENT DATE:
**Monday, April 02, 2012**

## Notice of Judgment of Strict Foreclosure

Property Address: 83 Willis Street, New Haven

**Judgment of Strict Foreclosure is hereby entered as follows:**

| | | |
|---|---|---|
| Debt: | $258,198.11 | Appraisal Fee: $850.00 |
| Attorney Fees: $2,000.00 | | Title Search Fee: $225.00 |
| Total: | $260,198.11 | Fair Market Value: $80,000.00 |
| | | Land: $20,000.00 |
| | | Improvements: $60,000.00 |

LAW DAY SET FOR Monday, June 04, 2012, for the owner of the equity of redemption, and subsequent days for subsequent encumbrancers in the inverse order of their priorities.

BY THE COURT (**Zemetis,J.**)

K Porter

*Copies sent Tuesday, April 03, 2012 to:*
*HUNT LEIBERT JACOBSON PC; JOHNNY RAY*
*MOORE*

Exhibit D

DOCKET NUMBER: **NNHCV096005365S**
JPMORGAN CHASE BANK NATIONAL
ASSOCIATION
vs.
JOHNNY RAY MOORE

JUDICIAL DISTRICT
OF NEW HAVEN

JUDGMENT DATE:
**Tuesday, January 19, 2016**

## Notice of Judgment of Strict Foreclosure (as opened and modified)

Property Address: 83 Willis Street, New Haven

**Judgment of Strict Foreclosure is hereby entered as follows:**
Attorney's fee will be taken on the papers and issued under separate order. Any motion to open, filed by the defendant, must be filed on or before March 2, 2016 and heard on or before March 14, 2016.

| | | | |
|---|---|---|---|
| Debt: | $283,258.99 | Appraisal Fee: | $600.00 |
| Attorney Fees: | $.00 | Title Search Fee: | $.00 |
| Total: | $283,258.99 | Fair Market Value: | $125,000.00 |

Land: $15,000.00
Improvements: $110,000.00

LAW DAY SET FOR Monday, April 04, 2016, for the owner of the equity of redemption, and subsequent days for subsequent encumbrancers in the inverse order of their priorities.

*Copies sent Wednesday, January 20, 2016 to:*
*HUNT LEIBERT JACOBSON PC; JOHNNY RAY*
*MOORE*

BY THE COURT (**Ecker, J.**)

K Porter

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport DIVISION

IN RE:                                    : CHAPTER 13
JOHNNY RAY MOORE                          : CASE NO. 19-51257-JAM

        Debtor(s)                         : December 11, 2019

PROPOSED ORDER VACATING ORDER FOR RELIEF
AND DISMISSING PETITION WITH PREJUDICE

        The Trustee (the "Movant") filed a Motion to Dismiss with Prejudice (the "Motion") the

above-named case pursuant to 11 U.S.C. Sections 1307(c)(1) and 349(a) for unreasonable delay

by the debtor that is prejudicial to creditors, ECF No. ____. After notice and a hearing, see 11

U.S.C. §102(1), and it appearing that the relief sought in the Motion should be granted, it is

ORDERED:

(1)     that the voluntary petition filed herein on September 20, 2019, be, and the same hereby

is, dismissed;

(2)     the Debtor is hereby barred from filing a case under any Chapter of the Bankruptcy Code

for a period of two years from the date of this Order.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport DIVISION

IN RE:                                    : CHAPTER 13
JOHNNY RAY MOORE                          : CASE NO. 19-51257-JAM

      Debtor(s)                         : December 11, 2019

CERTIFICATION

The undersigned Trustee hereby certifies that on December 11, 2019, in accordance with Rules
7004, 7005, and 9014 F.R.Bank.P., I served the following on the parties listed below:  (1) a copy
of the Trustee's Motion to Dismiss with Prejudice; and (2) a copy of the proposed order.

The following parties were served by first class mail:

    JOHNNY RAY MOORE
    15 SACHEM DRIVE
    SHELTON, CT 06484

The following parties were served by the Court's electronic noticing system:

Debtor's Attorney:  PRO SE
**U. S. Trustee** USTPRegion02.NH.ECF@USDOJ.GOV

    Dated at Hartford, Connecticut on December 11, 2019.

                /s/ *Patrick Crook*
                Patrick Crook
                10 Columbus Boulevard
                Hartford, Connecticut 06106
                860-278-9410
                pcrook@ch13rn.com