**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

IN RE:
JOHNNY RAY MOORE                    :       CHAPTER 13
      Debtor                          :
                              :       CASE NO:  19-51257 JAM
ROBERTA NAPOLITANO, TRUSTEE         :
PATRICK CROOK, Esq.                 :
      Movant's                        :       JANUARY 7, 2020
                              :
vs                                  :       DOC. NO. 37
                              :
JOHNNY RAY MOORE                    :
      Respondent                      :

Notice                              :

HOLLEY CLAIBORN, US Trustee         :
Office of the United States Trustee :

### DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO DISMISS CASE WITH PREJUDICE UNDER 11 U.S.C. SECTION 1307 AND 349(a)

NOW COMES, Johnny Ray Moore, a natural person, pro se litigant before this Court, herein called the Debtor, who files this Objection to Roberta Napolitano, the Chapter 13 Trustee's  (the "Trustee") Motion to Dismiss the Debtor's Petition No. 19-51257, as baseless and without merit and is [n]ot a just cause for the Trustee to seek sanctions against the Debtor [w]ithout  providing clear and convincing evidence to the Court that such a dismissal of this case with prejudice is unwarranted.

1.      The Debtor states that it is Patrick Crook, Esq., who should be sanctioned and the Trustee who should recuse herself from this case because of the seriousness of the allegations stated in the Motion with Prejudice (the "Motion"). The fabrications of how the Motion is drafted and the allegations  accusing the Debtor of filing petitions in bad

(1)

faith in order to avoid the running of the law days as a result of a final judgment of strict foreclosure that is currently [n]ot pending before the Connecticut Superior Court, herein called (the "State Court") known as Christiana Trust, A Division of Wilmington v. Johnny Ray Moore NNH-CV09-6005365.

2.      The Debtor states, and the Trustee as well as the Courts are well aware of this material fact that **there are no final judgments of strict foreclosure with a law day pending in any State Court** . This petition was not filed in bad faith to avoid a pending law day as the Trustee has stated in the Motion  with its supporting *case law* that is moot.

3.      The Debtor ask the Court to take Judicial Notice pursuant to the Federal Rules of Evidence under Article II Rule 201 (c) (e), of the way the  Motion and Exhibit A,B,C and D ( the "Exhibits") have been drafted and presented to the Court. See ECF. No. 37.

4.      The Trustee's exhibits are clear evidence that the Trustee is intentionally misleading the Court in it's motion, in an attempt to prove bad faith that does not exist!

5.      The Debtor states it is all Hearsay and is not admissible pursuant to the Federal Rules of Evidence under Article VIII Rule 801 (c) (2). It shows a willful intent on the part of the Trustee to severely prejudice the Debtor and deprive the Debtor of his rights to a bankruptcy stay, rights to due process and time needed for claims to be processed in order to get a plan confirmed for which the Debtor has the resources to do.

In support of the Debtors Objection to the Trustee Motion, the following claims are stated and the following evidence is submitted for the Debtor's Record:

I.      <u>**THE DEBTOR WOULD FIRST ADDRESS THE ISSUE OF BAD FAITH BY SUBMITTING THE FOLLOWING INTO EVIDENCE**</u>

6.     The Debtor ask the Court to take judicial notice of the Debtor's, *see* **EXHIBIT A.,**

pursuant to the Federal Rules of Evidence under Article 201 Rule (c)(e) and under

Article X Rule 1005, with regards to a certified copy of the Certificate of Foreclosure

filed on the land records by the law firm of Hunt Leibert Jacobson, P.C. aka McCalla

Raymer Leibert Pierce LLC, it the law firm that Attorney Linda St. Pierre represents.

7.     The Debtor claims that based on this document it clearly shows that a Certificate

of Foreclosure was filed on the land records in the City of New Haven on **06/29/2016.**,

regarding a law day that was set on **April 4, 2016.**

8.     The Debtor's evidence is *substantive* material of facts and not based on the

Trustee Motion at # 4, " *it appears that the Debtor may have been able to avoid the*

*running of the law days through the filing of Motions to Reargue or Reconsider. Or by*

*filing another petition on August 24, 2016*".

9.     The Debtor ask the Court to take Judicial Notice Pursuant to the Federal Rule of

Evidence Rule 902 (5) of **Exhibit B**. That according to Connecticut General Statute §

49-16, the law clearly states:

"When any mortgage of real estate has been foreclosed, and the time limited for redemption has passed, and the title to the mortgaged premises has become absolute in the mortgagee, or any person claiming under him, he shall, either in person or by his agent or attorney, forthwith make and sign a certificate describing the premises foreclosed, the deed of mortgage on which the foreclosure was had, the book and page where the same was recorded and the time when the mortgage title became absolute. The certificate shall be recorded in the records of the town where the premises are situated and shall be substantially in the form following".

10.     The Debtor was not a debtor in possession of the bankruptcy estate, on

**January 19, 2016**, when JPMorgan Chase Bank, National Bank and not Christiana

Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy

Mortgage Loan Trust, Series 2013-18, had a Judgment of Strict Foreclosure enter in

(3)

violation of a United States Bankruptcy Stay, which the Trustee should be more concern

about due to the material fact that the Property was not abandon and no relief from the

bankruptcy stay was granted by the Court as the Trustee states in its Motion.

11.   The Debtor states that the United States Chapter 7, Trustee Barbara H. Katz,

was appointed trustee of the bankruptcy estate and filed a Notice on the land records

claiming that the property known as 83-85 Willis Street, New Haven was the property of

the bankruptcy estate pursuant to 11 U.S.C. § 541(a).

12.   The Debtor pursuant to Federal Rules of Evidence under Article 201 Rule (c)(e)

and under Article X Rule 1005, ask the Court to review a certified copy of the Federal

Lien filed on the land records by the United States Chapter 7, Trustee Barbara H. Katz,

declaring to the world that as of October 29, 2014 the properties of Johnny Ray Moore

are the properties of the Bankruptcy Estate. See **EXHIBIT C.**

13 . **The Debtor also claims that the property known as 83-85 Willis Street,**

**the  release is dated for November 9, 2017 and filed on the Land Records on**

**11/14/2017. Please see EXHIBIT D.**

14.   The Debtor claims the Judgment of Strict Foreclosure shown in the Trustee's (Exhibit D)
was entered in violation of a United States Bankruptcy Stay Pursuant to 11 U.S.C. § 362 (C)
**(1)(2)(A)** the stay of an act against property of the estate under subsection (a) of
this section continues until such property is no longer property of the estate;
**(2)** the stay of any other act under subsection (a) of this section continues until the
earliest of—
**(A)** the time the case is closed;

15. The Debtor asserts that this is the very definition of bad faith. The filing of false

documents like the Trustee, this is egregious when done by an officer of the Court. To

make things appear to be what they are not. Making false claims about a Transfer of

Claim other than for security in Federal Court. Only to have a Judgment entered in the

name of JPMorgan Chase Bank, National Association in State Court in violation of a

bankruptcy stay. The Debtor states the Trustee's has exhibits bad faith with the filing of

false documentation and making false statement a crime. Pursuant to 18 U.S.C. §§

152, 157 and 3571, for which is appears to the Debtor that both the Trustee with the

blessing of the Court. *see***Exhibit E.**

   18 USC 4 states: "**Whoever, having knowledge of the actual commission of a
felony <u>cognizable by a court of the United States,</u> conceals and does not <u>as soon
as possible</u> make known the same to some judge or <u>other person</u> in civil or
military <u>authority under the United States</u>, shall be fined under this title or
imprisoned not more than three years, or both**."

The Debtor did not include the property known as 83-85 Willis Street in his August 24,

2016 Petition. The egregious pain and suffering, defamation of character, slander, bias

judicial prejudice, and the ruin of the Debtor reputation is unconscionable.  It is the

Trustee an  officer of the Courts, who manipulates who judicial process to obtain relief

by fraudulent means in Court is unbelievable. ( of which the Debtor has accumulated

the evidence of proof).

II.       <u>**THE TRUSTEE ALSO MAKE THE FOLLOWING FALSE CLAIMS
WITIHOUT EVIDENCE**</u>

16.     The Trustee's claims are as follows:  the Debtor **(1)** is a serial filer **(2)** the Debtor's

multiple bankruptcy filings demonstrate bad faith **(3)** that the  Debtor has filed a petition

in the past, therefore a Debtor cannot file a petition after 180 days**(4)** the Debtor's

multiple bankruptcy filings demonstrate bad faith **(5)** the Debtor is manipulating the

judicial process by seeking to exercise his rights to an automatic stay through the

multiple filings and **(6)** the multiple filings works an unconscionable fraud on creditors,

**(7)** the secured claims field in the case total $1,808,269.46, and (8) ORDER NO. 344.

III.        **THE DEBTOR'S  RESPONSE TO THESE CLAIMS IN ADDITION
TO WHAT HAS BEEN STATED FROM  1 THROUGH 15**

17.        The Trust claims that the dollar amount of the secured claims filed in the case

total **$1,808,269.46.**

 a.    The Debtor ask the Court to look at the Claims Registry Summary pursuant to
the Federal Rules of Evidence Rule 902(5) and make findings that the total
amount of claims filed and claimed to be secured is 1,793,380.52

 b.    The Debtor claims that based on the appraisal's submitted to the Trustee the
total amount of (alleged) secured claims if allowed based on the certification
of  the Debtor's appraisals in the possession of the Trustee would only amount
to **$1,207,409.74.** which would be **$68,440.60**, under the total amount of
$1,275,850.00, pursuant to 11 U.S.C. § 109 of the United States Bankruptcy
Court.

 c.    The Debtor claims the Court is without Subject Matter jurisdiction to consider
the allowance following  **Claim No.1**, **Claim No. 2**,**Claim No. 4**, **Claim No. 5**
**Claim No. 6,** and **Claim No. 7**, because **NO APPEARANCE HAS BEEN
FILED IN SUPPORT AND/ OR IN DEFENSE OF THE CLAIMS.** Federal law
require that appearances  are filed in order for the Claimant to have Standing
before the Court.

18.        The Debtor claims that if appearances are filed, the Debtor has or will be filing
Objections to **Claim No. 1**, **Claim No. 4**, **Claim No. 5**, **Claim No. 6** and
therefore these Claims are not allowed against the Debtor's Bankruptcy Estate
pursuant to 11 U.S.C. §§ 502 and 506 under the United States Bankruptcy
Code. Until the matter has been heard and fully adjudicated by the Court.

19.        The Trustee claims that the Debtor is a serial filer, pursuant to 11 U.S.C. §
349(a), of the United States Bankruptcy Code.

 a.    The Debtor in good faith filed  Petition No. 12-51027, on 05/ 31/ 2012, Petition
No. 16-51133, was filed on 08/24/2016 (some 4 years later after the first
petition), and Petition No.19-51257, filed on 09/20/19 (some 3 years later). All
of these petitions filed are well beyond the 180 day limit.  And not after 180
that the Trustee has stated who is fully and the Court are aware of.

20.        The Debtor claims in order to merit the awards of sanctions under to 28 U.S.C.

(6)

§ 1927 and the inherent power of the Court, the Court must find bad faith. See *In re Green*, 422 B.R.469,474-75 (Bankr.S.D.N.Y. 2010) ("The same standard applies to both theories".) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2dCir.1986*); In re Truong*, 2008 WL 1776227, at *5 ("There is no meaningful difference between the type of conduct that is sanctionable under the Court's inherent power and under 28 U.S.C. § 1927 because both require a similar finding of bad faith.")). Courts must find bad faith based on clear evidence. *Revon v. Cinque & Cinque,* 221 F.3d 71,79 (2d Cir.2000) ("[T]o impose sanctions under either authority, the trial court must find clear evidence That (1) the offending party's claims were entirely meritless and (2) the party acted for Improper purposes.") (emphasis added)

21.       The Debtor record is clear, the Debtor's multiple bankruptcy filings **do not** demonstrate bad faith filings. The Debtor **is not** manipulating the judicial process by seeking to exercise his rights to an automatic stay through the multiple filings and the multiple filings have not worked an unconscionable fraud on any creditors. It is the Trustee that has engaged in bad faith. The Trustee choose to highlight five foreclosure cases. Of the five only one remains pending from the bankruptcy case from Petition No. 51027, filed on 05/31/2012 and Petition No. 16-51133, filed on 08/24/2016.

22       The Debtor claims that the Court Order 344 entered on January 12, 2018. Was not cited by the Trustee because of the Motion to Substitute Party Plaintiff filed in the State Court pursuant to Connecticut General Statute 52-109. This case is the case that should have been cited but was not, due to the ongoing  Fraud being committed on the Court in Milford Superior Court as it pertains the Debtors primary residence.

23      The Debtor has been slandered, reputation ruined, discriminated against and prejudiced all because he has tried to intelligently tried to exercise his 14th Amendment Constitutional Rights to Due Process. The United States Supreme Court has said in *Davis v. Wechsler*, 263 US 22, 24. " *The claim and exercise of a constitutional right cannot be converted into a crime"*. The Court has said in *Miller v. US*, 230 486, 489. "*There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights*." *See Sherar v. Cullen,* 481 F.2d 946 (1973) " *There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights"*

The Debtor has in good faith and good conscience filed his petitions in good faith. It is only after recently the Debtor has received evidence that after 9.5 years. The Law Firm of attorney Linda St. Pierre pursuant to Connecticut General Statute § 52-109 Filed a Motion to Substitute a Plaintiff in the matter of JPMorgan Chase Bank, National Association filed on January 10, 2019, that my petitions were filed in good faith. Please **EXHIBIT F.** Submitted pursuant to Federal Rules of Evidence under Article 201 Rule (c)(e) and under Article X Rule 1005, ask the Court  to review a certified copy.

**WHEREFORE**, the Debtor prays that the Motion to Dismiss be denied because the Trustee has not provided any evidence that this petition was filed in bad faith as it will not , delay any final judgment pending in state Court as no such judgment exist. Finally,  And Trustee has not provided proof that the claims filed will exceed the debt limits.

JOHNNY RAY MOORE, Pro se Debtor

15 Sachem Drive Shelton

Shelton CT 06484

(8)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| JOHNNY RAY MOORE | : | CHAPTER 13 |
|      Debtor | : | |
| | : | CASE NO:  19-51257 JAM |
| ROBERTA NAPOLITANO, TRUSTEE | : | |
| PATRICK CROOK, Esq. | : | |
|      Movant's | : | JANUARY 6, 2020 |
| | : | |
| vs | : | DOC. NO. 37 |
| | : | |
| JOHNNY RAY MOORE | : | |
|      Respondent | : | |
| | : | |
| Notice | : | |
| | : | |
| HOLLEY CLAIBORN, USTrustee | : | |
| Office of the United States Trustee | : | |

## <u>PROPOSED  DEBTOR'S ORDERED</u>

The foregoing motion after notice and hearing before the court and it appearing that the

same ought to be it is Hereby:

**ORDERED**:

That the Debtor Objection to the Trustee's Motion to Dismiss with Prejudice is

SUSTAINED

Dated: _____                    BY THE COURT


_____

United States Bankruptcy Judge

(9)

## CERTIFICATION OF SERVICE

I hereby certify that on 01/07/2020, the date hereof, service of the **OBJECTION** TO THE **MOTION TO DISMISS** was accomplished through Email Electronic Filing for parties or counsel and copies of the foregoing were mailed by first class U.S. mail, postage prepaid, on parties or counsel as follows:

***Via Electronic Email:***
**Roberta Napolitano**   notices@ch13rn.com, rnapolitano13@ecf.epigsystems.com
**Linda St. Pierre**   bankruptcyecfmail@mccalla.com, Linda.St.Pierre@mccalla.com
**U. S. Trustee**   USTPRegion02.NH.ECF@USDOJ.GOV

***Via U. S. First Class Mail:***

**ADT Security Systems Inc.**
Attn: Tate & Kirk Associates, Inc.
580 Middletown Blvd Suite 240
Langhorne PA 19047-1827

**Ally Bank**
PO Box 130424
Roseville MN 55113-0004

**Bank of America**
C/o  President /Manager
8742 Lucent Blvd, Suite 300
Specialized Loan Servicing LLC
Highland Ranch, Co 80129

**Century Financial Services, Inc.**
c/o Century Healthcare Collection in Con
Attn: President/ Manager
23 Maiden Lane, PO Box 98
North Haven, CT 06473-0098

**City of Bridgeport**
Attn: Parking Tickets Department in
 c/o President /Manager
300 Congress Street
Bridgeport CT 06604-4086

**JPMorgan Chase Bank, National Association**
c/o Linda St. Pierre
50 Weston Street,
Hartford, CT 06120

**MERSCORP Holdings Inc.**
Attention: President /Manager
1818 Library Street Suite 300, Reston, VA 20190

**MERSCORP Holdings Inc.**
c/o The Law Firm of McCalla Raymer Liber
Attn: President/ Manager
50 Weston Street
Hartford CT 06120

**MERSCORP Holdings Inc.**
c/o The Law Firm of Bendett & McHugh PC
Attn: President/Manager
270 Farmington Avenue Suite 151
Farmington CT 06032

**Mortgage Electronic Registration Systems Inc**
Attn: President /Manager
P.O. Box 2026
Flint, MI 48501-2016

**Mortgage Electronic Registration Systems Inc**
c/o The Law Firm of Bendett & McHugh PC
Attention: President /Manager
270 Farmington Avenue Suite 151
Farmington CT 06032

**Mortgage Electronic Registration Systems Inc**
c/o The Law Firm of McCalla Raymer Liber
Attn: President /Manager
50 Weston Street
Hartford CT 06120

**Regional Water Authority**
90 Sargent Drive
President / Manager
New Haven CT 06515

**Regional Water Authority**
Attn: Louise D'Amico
90 Sargent Drive
New Haven CT 06515

**Yale Medicine**
Attn: Debt Collector Dept.
President /Manager
P.O. Box 7309

10