```
                UNITED STATES BANKRUPTCY COURT            FILED
                    DISTRICT OF CONNECTICUT
                      BRIDGEPORT DIVISION              2020 FEB -6  P 3: 30

IN RE:                                                 CLERK, U.S. BANKRUPTCY COURT
      JOHNNY RAY MOORE              :    CHAPTER 13    DISTRICT OF CONNECTICUT
              DEBTOR                :                        BRIDGEPORT
                                    :    CASE NO:  19-51257 JAM
      JPMORGAN CHASE BANK, N.A.     :
              MOVANT                :    FEBRUARY 6, 2020

      vs.                           :    DOC. NO. 72
                                    :
      JOHNNY RAY MOORE              :
      ROBERTA NAPOLITANO,           :
              RESPONDENT'S          :
                                    :
      HOLLEY CLAIBORN, US TRUSTEE
              NOTICE
```

## DEBTOR'S OBJECTION TO THE MOTION FOR RELIEF FROM STAY

NOW COMES, Johnny Ray Moore, a citizens of the United States of America, a natural born person, a Pro se litigant, before the Court, herein called (the "Debtor"). The Debtor files this OBJECTION to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, herein called ("CHASE"), Motion for an Order for Relief from Stay, *In Rem* and Related Equitable Relief sought from this COURT. The Motion was filed by Attorney Linda St. Pierre from the Law firm of McCall Raymer Leibert Pierce LLC, formerly known as Hunt Leibert Jacobson P.C., located at 50 Weston Street, Hartford CT 06120, herein called ("Counsel"). The Debtor makes reference to the following proof of claim that has been filed by Counsel. The Debtor asks the COURT to take Judicial Review of the District Court Claim Register pursuant to the Federal Rules of Evidence under Article II Rule 201 (c) (e) and Article IX Rule 902 (5) for a full and complete review of the Claim No. 3-1, in its entirety for the RECORD. Please see a copy of **EXHIBIT A**, which is a copy of the Claim Register and a copy of the first 3 of 62 pages of the Proof of Claim filed.

The Debtor also submits a copy Counsel's Motion for Relief from Stay *in Rem* and other

(1)

1

equitable relief, with Counsel's Exhibits being its evidence, herein called (the Motion"), also known as Doc. No. 72. The Debtor ask the COURT to take Judicial Review of Counsel's Motion pursuant to the Federal Rules of Evidence under Article II Rule 201 (c) (e) and Article IX Rule 902 (5). See **EXHIBIT B.** In support of the Debtors OBJECTION to the Motion the following is stated for the Record in addition to what may be argued before the COURT on the date of the hearing.

## JURISDICTION

This is a contested matter proceedings, a core proceeding for which this Court has exclusive jurisdiction to hear and adjudicate. See, 28 U.S.C. § 1334(b)(e)(1), and 28 U.S.C. §§157a, (b)(1)(A); and 28 U.S.C. §§ 157 (b)(2)(A) and (B); and pursuant to the Fed. R. Bankr. P. 9014 Subdivision (d) and the Federal Rule of Evidence 9017, must be applied in order for the Court to make findings of facts and issue conclusions of law regarding the disputes matters.

I.    **DEBTOR'S DISPUTE'S CHASE'S ALLEGATIONS TO BE HERESAY**

The Debtor is disputing the following: (1) CHASE is not a secured creditor, (2) the Debtor did not execute and deliver the said promissory note in the amount of $267,000 to Mortgage Capital Associates Inc., (3) Mortgage Capital Associates Inc. is not the Lender who Lent the Debtor the money according to the making of the Note and Mortgage and the claims Declared therein that have been presented to the COURT by Counsel on behalf of CHASE, (See Counsel's Exhibit a & B.), (4) The Debtor alleges that the Note has been converted into a Electronic Document of which CHASE is not in possession thereof (5) and that the copy of the Note presented by Counsel on behalf of CHASE is hearsay and is inadmissible because of fraudulent signatures of the allonges alleging the chain of ownership to the Note are not true (6) the Debtor disputes the material fact that there is no Assignment of Mortgage from Mortgage Capital Associates Inc., to Residential Funding Company LLC and that there is no Assignment

(2)

2

of Mortgage from Residential Funding Company LLC to CHASE in accordance to the allonges attached to Counsel Motion presented to the COURT filed on the Stratford Public Land Records (7) the Debtor Claims that the Assignment of Mortgage that is filed on the Stratford Public Land Record by Counsel on behalf of MERS claiming to be the Nominee acting on behalf of Mortgage Capital Associates Inc. Company LLC, is a material misrepresentation of material facts being Disputed by Debtor (see Counsel's Exhibit C)., (8) the Debtor states that this is a fraudulent claims because MERS was never acting on behalf of Mortgage Capital Associates Inc.as its nominee having authority to convey the Debtor's Mortgage without the Note to CHASE (9) the Debtor states with [emphasis added] **Mortgage Capital Associates Inc., was not the Debtor's Lender** (10) The Debtor claims that MERS as the Mortgagee of Record is still claiming ownership of the Mortgage recorded on the Stratford Land Records regarding the subject property (11) the Note was not duly endorsed to CHASE (12) there is no good cause to grant relief from the stay (13) Counsel has not provided any evidence that the property has no equity (14) Counsel has failed to attach any evidence of the market value of the subject property (15) CHASE"S proof of claims show no delinquency owed by the Debtor as of September 20, 2019 ( see Debtor's Exhibit A) (16**) Debtor is a repeat filer, not a serial filer due in fact to the Proposed Joint Scheduling Order that Counsel DRAFTED on behalf of the DEBTOR while REPRESENTING CHASE as its Counsel regarding the same property on January 15, 2013, under petition no. 12-51027,** (see Debtor's **Exhibit F**) (17) There is no final judgment pending in State Court, nor has the Debtor been defaulted for failure to plead in State Court (18) The Debtor has filed this petition in good faith, and has the financial means to tender all post–petition payments to CHASE if the COURT can substantiate it filed its claims in good faith and have not engaged in any acts of forgery, or the filing of false claims with criminal intent in order to deceive the Debtor and this COURT, by presenting Claims on behalf of third parties without Standing against the Debtor's real estate property of the Bankruptcy Estate.

(3)

2. The Debtor states that counsel's relief must be denied because CHASE is not a real party in interest and lacks Standing rendering this COURT without Subject Matter Jurisdiction to grant the relief from stay *in Rem* to CHASE.

3. The Debtor states that pursuant to Counsel *cause of action*, the *Lis Pendens*, filed on the Stratford Land Record in Volume 4189 at Page 343 bought in *inter alia*, in personam, seeking its *remedy at law* has been filed in violation of the Debtor's Discharge Injunction by MERS, afforded him under 11 U.S.C. § 524.

4. The Debtor states that it is the MERS entity who is seeking to foreclose on the Debtor's real estate property and not CHASE.

5. The Debtor ask the Court to take Judicial Notice pursuant to the Federal Rules of Evidence pursuant to Article II, Rule 201 (c)(e) and Article IX, Rule 902(4) and Article X, Rule 1005, ( of the certified copy of the Lis Pendens filed on the Stratford Land Record) see **EXHIBIT C.**

6.. The Debtor states that Counsel has a known duty to name MERS in its Proof of Claim as a party in interest seeking to foreclosure on the Debtor's real estate property of the Bankruptcy Estate.

7. The Debtor states that attorneys have a known duty to name MERS and not to just name MERS when a debtor or a debtor's attorney seeks to cram down a secured claim on multi- family investment to its market value through a 506 Motion.

8. That Counsel has a known duty to name MERS in its Motion because MERS is currently the Mortgagee of Record seeking to foreclose on subject property of the Bankruptcy Estate of the Debtor, seeing that the property is under the jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1334(b)(e)(1). The MERS Rules also instruct attorneys to name MERS when proof of claims here in this COURT in accordance to the

(4)

4

MERS Rules outlined by MERS for the State of Connecticut and Counsel has failed to do so

9. The Debtor states that Counsel has a known duty to make service of the Motion for Relief upon MERS and all parties claiming an interest in the property of the Debtor's Bankruptcy Estate and has failed to do so.

10. The Debtor states that Counsel has stated that the real estate property of the Bankruptcy Estate is valued at $225,000.00 without any evidence being submitted to the COURT in support of this allegation.

12. The Debtor states that based on the Proof of Claim filed by Counsel, the amount necessary to cure any default as of the date of the petition filed on 09/20/2019 is zero dollars.

13. The Debtor states that Counsel has filed a Claim in the amount of $260,744.65 as a secured claim. (see the Debtors Exhibit A).

14. The Debtor states that according to the relief from stay worksheet-real estate, the amount of the principle of the secured principle claimed to be owning is in the amount of **$213,282.28. please see (the Debtor's exhibit b) page 15 of 62 of Counsel's Motion.**

15. The Debtor having received a personal discharge of the mortgage debt. The Debtor asks the Court pursuant to the Federal Rules of Evidence to take Judicial Notice of Article II, Rule 201 (c)(e) and Article IX, Rule 902(4) and Article X, Rule 1005, of the Discharge of Debt stating the collection of unsecured discharge debt is prohibited **EXHIBIT D.**

16. The Debtor nevertheless was willing, in good faith to compromise a plan by overlooking all he has suffered at the hands of Counsel and CHASE. The sole purpose of Counsel is to foreclose on the Debtor's property on behalf of MERS as being undisclosed agent of MERS to the COURT.

17. Chase has not submitted into evidence, the amount of the of the fair market value of the

(5)

property in support of it claims in order to establish that there is no equity in the subject property. See Fed. R. Civ. P. 43(c), Fed. R. Bankr. P 9017, and 11 U.S.C. § 362(g)(1). This Court has already denied a similar attempt in which CHASE filed a Motion for Relief from the Stay. The Debtor ask the COURT to take Judicial Notice pursuant to the Federal Rules of Evidence under Article II Rule 201 (c) (e) and Article IX Rule 902 (5). Regarding the same property. See **EXHIBIT E.**

18. The Debtor states that now that Counsel has filed this relief from stay seeing that the Debtor was not going to file an OBJECTION to the Claim because the Debtor sought to work the dispute out. The Debtor has now filed an OBJECTION to the Claim No. 3-1.

19. The Debtor states that if no Objection is filed the claim is considered an allowed claim. The Debtor in light of this relief from stay that has been filed in bad faith by Counsel. The Debtor has filed an Objection not only to the in rem relief Counsel seeks in order to continue its prosecution of it civil action in state court in violation of the Federal relief the Debtor has obtained with regards to Discharge Unsecured Debt. The Debtor has as a result of this Motion filed an Objection to the Proof of Claim No. 3.

20. When an objection to a claim if filed the administrative functioning of the claims allowance process ceases as to that claim, and the judicial functioning of the bankruptcy court is invoked. See, 11 U.S.C; Fed.R.Bankr.P.3007. Because of all the ramifications associated with a proof of claim, when the judicial functioning is called to bear in the claims allowance process, the objection is a contested, litigated proceeding. An objection to a claim is a core proceeding which requires a hearing, not merely an opportunity to respond, and sufficient time ( at least 30 days) for the creditor and /or the claimant to prepare. See, 28 U.S.C. 157(b)(2)(B); 502(b); and Fed.R..Bankr.P.3007. If the Objection raises issues and demands relief of the kind specified in Rule 7001, such objection is transformed into an Adversary Proceeding. See, Fed.R.Bankr. P. 3007

21. The Debtor has been slandered, reputation ruined, accused of acting in bad faith, labeled

(6)

as a serial filer, has had to endure defamation of character. Having to endure vexatious litigation, denied due process, denied equal protection under the law all because of CHASE and Counsel are acting as agents for MERS. While not following MERS rules by not naming MERS in its Claim or in its Motion in order to conceal the fraud.

22.     The Debtor states that an unconscionable criminal act occurred in this COURT **JANUARY 15, 2013**, BY COUNSEL ON BEHALF OF CHASE. WHEN COUNSEL DRAFTED AND FILED A "PROPOSED JOINT SCHEDULING ORDER", THAT DENIED THE DEBTOR AN EVIDENTIARY HEARING AFTER THIS COURT DECLARED IT WOULD ISSUE A PRE-TRIAL ORDER IN ACCORDANCE TO THE FEDERAL RULE OF BANKRUPCTY PROCEDURE 9014 Subdivision (d), that governs the Contested Matter Procedures.

23.     The Debtor asks Chief Judge Julie A. Manning to take Judicial Notice pursuant to Article II, Rule 201 (c)(e) and Article IX, Rule 902(4) and Article X, Rule 1005, ( of the Debtor's certified copy of the proposed joint scheduling Order signed by Counsel on behalf of CHASE. see **EXHIBIT F.**

## II.     Concealment of assets; false oaths and claims; bribery

The Debtor states that under 18 U.S.C. § 152 because of the action take by Counsel in the drafting and signing of the Proposed Joint Scheduling Order that could have concluded the disputes if Counsel and Chase did not conceal the false claim A person who—
**(1)**knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;
**(2)**knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;
**(3)**knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;
**(4)**knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney

25.     The **United States Supreme Court says** in *Norton v. Shelby County*, 118 U.S.425 p. 442 declared *" An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office' it is in legal contemplation, as in operative as though it had never*

(7)

been passed." In *Miller v. US*, 230 F 486, 489. "*There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights*". The Debtor takes the continued attacks on his **reputation** very seriously ( of which has been ruined by counsel and Chase) and any charges of *bad faith* acts are very serious allegations. It is criminal to allege one set of facts in state court in then come in the jurisdiction of federal courts and allege something completely and totally different.  It is only to that extent the Debtor believes that the federal courts may have jurisdictional authority to look into state court at matters that affect federal law. The federal courts are not the policing authority for the Connecticut state courts. The state courts have the Connecticut Supreme Court for that.

The bad faith allegations are very serious allegations affecting the Debtor's Constitutional Rights and Civil Rights to Due Process that should not to be taken lightly without an Evidentiary Hearing and not a Hearing to Show Cause for which the Debtor has been traumatized due to the discrimination the Debtor has suffered.   The FRBP 9014 subdivision (d) is clear that an Evidentiary Hearing is mandatory due to the seriousness of the allegations being made and the effects that if findings are made and the evidence is sustained, the federal courts can prejudice a Debtor. Our second circuit court of appeals has said, not the Debtor, but the second circuit court of appeals for which this Court must adhered.  "*Courts must find bad faith based on **clear evidence**". Revson v. Cinque & Cinque,* 221 F.3d 71,79 (2d Cir. 2000). TheDebtor claims the untimely Objection filed by counsel was filed in bad faith. Counsel has no firsthand knowledge of the facts in state court and cannot offer any testimony.  Based on the evidence that can only be made by a federal court making findings of facts through an evidentiary hearing.  Which this Debtor was sequestered and denied of his Civil Rights, Due Process and Equal Protection under the Rule of Law by chase and counsel is criminal and the Debtor can prove it.  The Debtor has not committed acts of bad faith in defending the fraud

(8)

committed upon the Courts by Chase and counsel. Who alleges one thing in state court an then present a whole different set of alleged facts in this Court. The Debtor for nine years has been denied the right to an evidentiary hearing because of Chase and counsel and it appears to the Debtor that his right to fight for his Constitutional Rights as an American citizen has now become a part of a conspiracy to deprave the Debtor of his Civil Rights pursuant to 42 U.S.C. section 1985.  The Debtor, in spite of this stills seeks to have a plan procedurally confirmed. The Debtor is a pro se litigant and makes mistakes because he is not an attorney at law and does not practice law to make a living. The Debtor asks the Court to take Judicial Notice that his pleadings should not be held to the same high level of profession conduct for which this Court has done. The United States Supreme Court has said in *David v. Wechler,* 263 U.S. 22, 24; *Stromberb v. California,* 283 U.S. 359; *NAACP v. Alabama,* 375 U.S. 449' " *The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local partice*" It appears to the Debtor that Counsel's Motion is part of a bigger scheme by Chase and Counsel as undisclosed agents of MERS to foreclose on the Debtor's property of the Bankruptcy Estates without having the Standing or legal authority to do so.   Our Second Circuit Court of Appeal has stated a party must be a real party in interest , a real party in interest is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit. *In re Comcoach Corp.* 698 F 2d. 571, 573 (2nd Cir. 1983) (citations omitted), the Court also states that " party in interest standing does not arise if a party seeks to assert some right that is purely derivative of another party is right in the bankruptcy proceedings. See *In re Refco,* 505 F 3d. 109, 115 fn. 10 (2nd Cir. 2007). The Debtor states that CHASE does not have Standing to petition the Court for relief not only because of a

(9)

lack of standing, but because Counsel has a known duty to name MERS in the Claim because MERS is the mortgagee of Record and is the entity seeking to foreclosure of the Debtor's property. The Debtor states that MERS was never the nominee for Mortgage Capital Associates Inc. And that CHASE is not in possession of the Note and Mortgage and the debt was never secured from inception. This Motion should be denied and the Court should exercise its inherent powers under section 105 of the Code to void to declare the mortgage lien void under to Fed. Bankr.R. P. 9011.

Standing " is the legal right to set judicial machinery in motion, *see Deutsche Bank National Trust Company v. Rodney Thompson Et AL* (AC 37362) ( 2016). State law controls the determination of property rights in a bankruptcy case and therefore governs a party's standing to enforce an instrument. In re Idicula, 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013) (citing Butner v. U.S.., 440 U.S. 48, 54 (1979) . Our State of Connecticut Appellate Court has ruled in *Deutsche Bank National Trust Company v. Rodney Thompson.* That a trial court must make finings that a plaintiff was in possession of the Note prior to the commencement of the action. The Debtor states that the Creditor has not presented any verifiable evidence as to when it clam into possession of the Debtor Note.

**WHEREFORE**, the Debtor's prayer that his OJECTION to CHASE Motion for relief *in rem* be Sustained. Counsel has not provided the COURT with any proof of the market value of the real estate property, Counsel has not provided any evidence that property has no equity based on the principle balance claimed owed, Counsel has not provide any evidence that the Debtor lacks the financial ability to make post-petition payments or that the granting of the relief would not have an adverse effect on the Debtor's ability to confirm his plan. Counsel has concealed its

(10)

intent of its real intention for filing this Motion on behalf of MERS being a party of interest seeking to foreclose on the Mortgage regarding a mortgage loan that was never secured from Its origination on January 31, 2007. The Debtor has now filed an Objection to the Claim, and therefore no claim can be made against the assets of the Bankrupt Estate pursuant to 11 U.S.C. § 502(a) or relief granted by CHASE who lacks standing rendering this COURT without subject matter jurisdiction to grant the requested relief. The Debtor also prays that this COURT will exercise its inherent powers pursuant to Section 105 of Title 11 of the United State Bankruptcy Code.

The Debtor also prays for the following relief and that is that the COURT issue an Order declaring the said mortgage lien VOID because of the concealment of the fraud upon this COURT that occurred on January 15, 2013 after the Honorable Judge Alan Shiff, issued Ordered a Pre-Trial Order, see ECF. No. 124 of the Transcript of the Hearing Held on December 20, 2012, under Petition No. 12-51027. As a direct result of this order Counsel with CHASE conspired and depraved the Debtor of his Constitutional Rights to Due Process of his Evidentiary hearing as well as having committed acts in violation of a Counsel Code of Ethical and Professional Code of Conduct for which said action is just cause for sanction and punitive Damages as a result of what this Debtor who is a real personal with emotions has suffered.

THE DEBTOR

Johnny Ray Moore, Pro se
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
203-395-4282

11

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

IN RE:

| | | |
|---|---|---|
| JOHNNY RAY MOORE | : | CHAPTER 13 |
| DEBTOR | : | |
| | : | CASE NO: 19-51257 JAM |
| JPMORGAN CHASE BANK, N.A. | : | |
| MOVANT | : | FEBRUARY 6, 2020 |
| | : | |
| vs. | : | DOC. NO. 72 |

JOHNNY RAY MOORE
ROBERTA NAPOLITANO,
    RESPONDENT'S

HOLLEY CLAIBORN, USTrustee
    NOTICE

## **PROPOSED ORDER**

The Debtor's Objection to the Motion for Relief from Stay. Having been duly presented, and it appearing that the same ought to be granted, it is hereby.

**ORDERED,** that the Debtor's Objection to the Motion for Relief from Stay is Sustained

Dated: _____     BY THE COURT

_____
United States Bankruptcy Judge

12

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

FILED
2020 FEB -6  P 3: 30
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT

| | | |
|---|---|---|
| IN RE: | : | |
|   JOHNNY RAY MOORE | : | CHAPTER 13 |
|     DEBTOR | : | |
| | : | CASE NO: 19-51257 JAM |
|   JPMORGAN CHASE BANK, N.A. | : | |
|     MOVANT | : | FEBRUARY 6, 2020 |
| | : | |
| vs. | : | DOC. NO. 72 |
| | : | |
| JOHNNY RAY MOORE | | |
| ROBERTA NAPOLITANO, | | |
|     RESPONDENT'S | | |
| | | |
| HOLLEY CLAIBORN, US Trustee | | |
|     NOTICE | | |

**CERTIFICATE OF SERVICE**

The undersigned ("Debtor") hereby certify on the 6th of February, 2020, in accordance with Rules 7004, 7005 and 9014 F.R. Bankr.P., that a copy of the OBJECTION to the Motion for Relief from Stay and the Proposed Order was served upon the following parties listed below by:

***Via Electronic Email:***

**U. S. Trustee**
Office of the U.S.Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven CT 06510
(203) 773-2210
USTPRegion02.NH.ECF@USDOJ.GOV

Holley Claiborn, US Trustee
Office of the U.S.Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven CT 06510
(203) 773-2210
Holley.L.Claiborn@usdoj.gov

Roberta Napolitano, 13 Trustee
6th Floor
10 Columbus Boulevard, 6th Floor
Hartford CT 06160
860-278-9410
notices@ch13rn.com

Attorney Patrick Crook
10 Columbus Boulevard, 6th Floor
Hartford CT 06160
860-278-9410
pcrook@ch13rn.com

(1)

13

U.S. Bank National Association, Not in its individual
capacity but solely as trustee for the RMAC Trust Series 2016-CTT
c/o Rushmore Loan Management Services
P.O.Box 55004
Irvine CA 92619
888-504-6700
AttN: President /Manager
sleopold@leopoldassociates.com
Claim No. 6-1

Saul O. Leopold, Esq.
Leopold & Associates, PLLC
80 Business Park Drive, Suite 110
Armonk NY 10504-1704
c/o
U.S. Bank National Association, Not in its individual
capacity but solely as trustee for the RMAC Trust Series 2016-CTT
c/o Rushmore Loan Management Services
914-219-5787
sleopold@leopoldassociates.com
Claim No. 6-1.

Linda St. Pierre, Esq.
McCalla Raymer Leibert Pierce
50 Weston Street
Hartford CT 06120
(860) 240-9256
c/o JPMorgan Chase Bank, N.A.
President / Manager
700 Kansas Lane
Monroe, LA 71203-4774
bankruptcyecfmail@mccalla.com, Linda.St.Pierre@mccalla.com
Claim No. 3-1.

The Bank of New York Mellon FKA The Bank of New York,
as Trustee for the Certificateholders of the CWABS, Inc. Asset-
Backed Certificates, Series 2006-12
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, CO. 80129
800-315-4757
POCInquiries@BonialPC.com
Claim No. 5-1.

(2)

The Bank of New York Mellon FKA The Bank of New York,
as Trustee for the Certificateholders of the CWABS, Inc. Asset-
Backed Certificates, Series 2006-12
c/o Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886-1161
Attn: Attorney Amanda Tiernan
401-234-9200
atiernan@mlg-defaultlaw.com
Claim No. 5-1

Towd Point Master Funding Trust 2018-Pm22 CO1,
U.S. Bank National Association, Trustee
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, CO. 80129-2386
800-315-4757
POCInquiries@BonialPC.com
Claim No. 4-1

MEB Loan Trust IV
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, CO. 80129-2386
800-315-4757
POCInquiries@BonialPC.com
Claim No. 7-1


MERCORP Holdings Inc.
c/o The Law Firm of McCalla Raymer Leibert Pierce LLC
Attn: President /Manager
50 Weston Street
Hartford CT 06120 -1504
(860) 240-9256
bankruptcyecfmail@mccalla.com

MERSCORP Holdings Inc.
c/o The Law Firm of Bendett & McHugh PC
Attn: President /Manager
270 Farmington Avenue Suite 151
Farmington CT 06032-1926
(860) 677-2868
bkecf@bmpc-law.com

(3)

15

Mortgage Electronic Registration Systems Inc.
c/o The Law Firm of McCalla Raymer Liber
Attn: President /Manager
50 Weston Street
Hartford CT 06120-1504
(860) 240-9256
bankruptcyecfmail@mccalla.com

Mortgage Electronic Registration Systems Inc.
c/o The Law Firm of Bendett & McHugh PC
Attention: President /Manager
270 Farmington Avenue Suite 151
Farmington CT 06032-1926
(860) 677-2868
bkecf@bmpc-law.com

Regional Water Authority
90 Sargent Drive
New Haven CT 06511-5966
Attn: Louise D'Amico
c/o President /Manager
203-410-2563
LDAMICO@RWATER.COM

### *Via US First Class Postage Prepaid Mail:*

MERCORP Holdings Inc.
1818 Library Street
Suite 300
Reston, VA 20190 -6280
Attn: President

Mortgage Electronic Registration Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026
Attn: President

JPMorgan Chase Bank, N.A.
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203-4774

U.S. Bank National Association c/o
P.O. Box 55004
Irvine, CA 92619-5004

Rushmore Loan Management Service as Service
Leopold & Associates PLLC
80 Business Park Dr, Ste 110
Armonk, NY 10504-1704

(4)

The Bank of New York Mellon
FKA The Bank of New York
as Trustee for the Certificate holders
of the CWABS, Inc. Asset-Backed
Certificate, Series 2006-12
c/o Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886

ADT Security Systems Inc.
Attn: Tate & Kirk Associates, Inc.
580 Middletown Blvd Suite 240
Langhorne PA 19047-1827

Ally Bank
800-495-1578
c/o President /Manager
PO Box 130424
Roseville MN 55113-0004
Claim No. 2-1

Century Financial Services, Inc.
c/o Century Healthcare Collection in Connecticut
23 Maiden Lane
PO Box 98
North Haven, CT 06473-0098
Attn: President / Manager

City of Bridgeport
Attn: Parking Tickets Department
300 Congress Street
Bridgeport CT 06604-4086
c/o President / Manager

Yale Medicine
Attn: President / Manger
P.O. Box 7309
New Haven, CT 06519-0309

Date: 2/6 2020

THE DEBTOR

Johnny Ray Moore, Pro se
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
203-395-4282

(5)