UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

IN RE:
JOHNNY RAY MOORE                                           : CHAPTER 13
   DEBTOR

                                           : CASE NO. 19-51257

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATON
   MOVANT

V.

JOHNNY RAY MOORE
   DEBTOR
ROBERTA NAPOLITANO, TRUSTEE
   RESPONDENTS

                                           : FEBRUARY 20, 2020

RESPONSE TO DEBTOR'S OBJECTION TO JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION'S MOTION FOR IN REM RELIEF FROM STAY

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Movant"), hereby respectfully files its Response to Johnny Ray Moore's ("Debtor") Objection to JPMorgan Chase Bank, National Association's Motion for In Rem Relief from Stay. Movant requests that the Debtor's Objection be overruled **with prejudice**. In support thereof, Movant respectfully represents as follows:

1.    On January 16, 2020, the Movant filed its Motion for In Rem Relief from Stay (ECF 72) ("Motion").

2.    On February 6, 2020, the Debtor filed his objection to the Movant's Motion wherein he continues to allege that Movant does not have standing based upon arguments that are not supported in law. The Debtor further argues that there is

nothing to support an argument that there is no equity in the property, that he is not a serial filer, that per the proof of claim filed by the Movant there is no delinquency owing by him, that the discharge injunction prevents collection of the debt owing, and further asks the court to take judicial notice of various inapplicable articles of which the Movant is not able to decipher their applicability.

3.      The Movant responds to the Debtor's Objection to Movant's Motion and states the following facts that the Debtor failed to set forth in his filed objection:

a.   Debtor's argument that Chase has no standing stems back from the Debtor's first bankruptcy case filed back on May 31, 2012 wherein the Debtor filed an objection to the Movant's Proof of Claim which the Movant filed its Response setting forth Movant's argument that Debtor's Objection was barred under collateral estoppel.  (see Exhibit A).  What is even more concerning to the Movant and of which was concerning to the Honorable Judge Shiff during that bankruptcy case is that the Debtor sought to challenge the standing of the Movant during the exact time he was asking the same Movant for a Loan Modification.  Interesting, the Movant did in fact execute a Loan Modification on January 23, 2013 of which Modification is attached to the Debtor's Objection filed in this case.  The Movant in fact made payments up to September 30, 2016 to the Movant under that Loan Modification until he stopped making payments after that date.  Prior to that Loan Modification, the loan was the subject of a pending foreclosure action brought against the Debtor in 2009 based upon a contractual due date at that point in time of June 1, 2009.

b.  During the pendency of the Debtor's second bankruptcy case, the Debtor again

filed an objection to Movant's Proof of Claim wherein this court issued an order overruling the objection. (see Exhibit B). Despite having lost on that objection both before this court and at the appellate level, the Debtor continues to file duplicative Motions to Dismiss in the underlying foreclosure action (February 15, 2019 – see Exhibit C; July 8, 2019 – see Exhibit D). The Movant filed its Objection to that Motion to Dismiss (see Exhibit E) which the Honorable Judge Alice Ann Bruno sustained on June 11, 2019 as to both Motions to Dismiss. (see Exhibit F). In Judge Bruno's Order, she specifically states that the Movant's Memorandum of Law has merit. As can be seen from that Objection (Exhibit F), the Movant sets forth its basis in law as to its standing and the non-dischargeability of the debt. The Debtor thereafter filed a Motion to Vacate that Order of dismissal which was objected to by the Movant of which Objection was sustained. (see Exhibit G)

c. The Debtor now wants to come before this court both on his objection to Movant's Motion as well as an objection to Movant's filed Proof of Claim and argues, among other things, that he has not acted in bad faith. Debtor makes this argument despite the fact that; 1) no payments have been made since this bankruptcy case was filed 2) Debtor continues to propound duplicative meritlous and frivolous allegations against the Movant despite knowing that he lost on these arguments numerous times to date and 3) Debtor continues to make arguments that are false relating to the status of the default owed by the Debtor.

d. Movant maintains that despite the Debtor's representations that he is acting in good faith and intends to make payments, the fact is that these arguments are the same arguments the Debtor made in his first bankruptcy from 2012 which sat for

3 years, his second bankruptcy case which sat for 2 years, and now this bankruptcy which has been pending since September 2019. The Debtor has essentially been in bankruptcy for the better part of the last 7 ½ years without any reorganization in place.

e.  To date, the Movant has incurred fees and costs associated with having to bring two separate foreclosure actions against the Debtor, legal fees defending allegations that lacked merit, legal fees incurred during three bankruptcy cases, and property carrying costs that should have but were not made by the Debtor for taxes and insurance. The Movant has sustained a tremendous amount of losses as a result of the actions of this Debtor and has been severely prejudiced.

f.  The Movant requests that its Motion for In Rem Relief from Stay be granted and that the Debtor's Objection be overruled with prejudice. The Movant further supports the request made by U.S. Bank National Association in its Response to Objection to Claim (ECF 93) that requests that the Debtor's case be 1) dismissed with a 4-year bar and 2) that an Injunction Order enter against the Debtor prohibiting him from filing any further pleadings before the District Court.

Dated:  February 20, 2020

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

By: /s/Linda St, Pierre_____
        Linda St. Pierre
        Fed. Bar No. ct/22287
        McCalla Raymer Leibert Pierce LLC
        50 Weston Street
        Hartford, CT 06120
        860-240-9156

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

IN RE:
JOHNNY RAY MOORE                                      : CHAPTER 13
        DEBTOR                                      : CASE NO. 19-51257
                                      : February 20, 2020

## CERTIFICATION

        I hereby certify that a copy of the foregoing was served upon all of the following parties, either by operation of the Court's electronic filing system or by postage prepaid first class mail, on this 20th day of February 2020.

Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484
(Debtor)

Roberta Napolitano
10 Columbus Boulevard
6th Floor
Hartford, CT 06106
(Trustee)

US Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT  06510
(US Trustee)

Dated: February 20, 2020           By:  /s/ Linda St. Pierre
                                 Linda St. Pierre, Esq.
                                 McCalla Raymer Leibert Pierce LLC
                                 50 Weston Street
                                 Hartford, CT 06120