EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

IN RE:
JOHNNY RAY MOORE          : CHAPTER 11
    DEBTOR
                          : CASE NO. 12-51027

                          : SEPTEMBER 13, 2013

RESPONSE TO DEBTOR'S OBJECTION TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S PROOF OF CLAIM (CLAIM# 17) AND REQUEST FOR OTHER RELIEF

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase"), hereby respectfully files its Response to Johnny Ray Moore's ("Debtor") Objection to JPMorgan Chase Bank, National Association's ("Chase") Proof of Claim (Claim# 17) and further requests other relief in the form of monetary sanctions. Chase requests that the Debtor's Objection be overruled. In support thereof, Chase respectfully represents as follows:

Chase filed a Proof of Claim (Claim# 17-1) on November 16, 2012. On December 17, 2012, the Debtor filed an objection to Claim# 17-1 (Doc# 93) in which the Debtor claimed that Chase lacked standing to file the Proof of Claim. On January 10, 2013, the Debtor filed a Motion to Allow Acceptance of Mortgage Modification (Doc# 110) in which the Debtor acknowledged his acceptance and execution of a loan modification with Chase which loan modification pertained to Claim# 17. On January 15, 2013, this court granted the Debtor's Motion to Allow Acceptance of Mortgage Modification (Doc# 116). On January 15, 2013, the Debtor thereafter marked off his Objection to Claim# 17-1 as a result of the execute loan modification. On April 19, 2013, Chase filed its Amended Proof of Claim (Claim# 17-2)

which sought to remove any arrearage owing as a result of the executed loan modification. Despite having executed a loan modification directly with Chase after the Debtor having himself sought out Chase for said loan modification, the Debtor now files an Objection to Chase's Amended Proof of Claim (Claim 17-2) claiming that Chase is not the "owner" of the Not and thus lacks standing to file the Amended Proof. The Movant maintains that the Debtor's actions in this case are in bad faith and without merit. The Movant therefore requests that the Debtor's Objection to Proof of Claim be marked off with Prejudice and that this court issue sanctions against the Debtor pursuant to Bankruptcy Rule 9011 in an amount equal to the attorney fees expended on behalf of Chase in having to respond to an Objection to Proof of Claim that is filed in bad faith. Chase hereby responds to the Debtor's legal argument on standing as follows:

### A. Issue Preclusion prevents the Debtor from challenging Chase's standing in this case and the Debtor is collaterally estopped from challenging Chase's standing.

From the outset the Debtor fails to provide facts to this Court that show that the issues in this case have already been adjudicated in the underlying foreclosure action in State Court. A State court foreclosure action originally commenced against the Debtor on October 14, 2009. On April 27, 2010, the Debtor filed an appearance in that action and on June 2, 2010 the Debtor filed his Motion to Dismiss (with Memorandum of Law) the underlying foreclosure action based upon an argument that Chase lacked standing to bring the foreclosure. (See Exhibit 1) On June 10, 2010, Chase filed its objection to the Debtor's Motion to Dismiss which objection included a Memorandum of Law on the issue of Chase's standing. (See Exhibit 2) On June 2, 2010, Judge Michael Hartmere denied the Debtor's Motion to Dismiss and Sustained Chase's

Objection to Motion to Dismiss. (See Exhibit 3) On July 7, 2010, the Debtor filed a Motion for Discharge of Invalid Notice of Lis Pendens on essentially the same grounds. (See Exhibit 4). On July 28, 2010, Chase filed its Objection to the Motion for Discharge of Invalid Notice of Lis Pendens. (See Exhibit 5) On August 5, 2010, Judge Michael Hartmere denied the Debtor's Motion for Discharge of Invalid Notice of Lis Pendens and sustained Chase's Objection. (See Exhibit 6) On May 31, 2012, the Debtor filed a Chapter 13 bankruptcy which was converted to a Chapter 11 case on November 29, 2012. The Debtor now seeks to use this court as an Appellate court in regards to his claim against Chase as to its lack of standing.

The Debtor in fact has submitted this matter to the state court's jurisdiction including adjudication of the issue on standing. The Debtor's objection to proof of claim is not only improper, but on its face utterly fails to indicate to this court that the matter had progressed before the Connecticut State Court in which the Debtor engaged in motion practice and was unsuccessful. Hence, the Debtor has submitted himself and the case to the jurisdiction of the state court. The Debtors arguments are riddled with inaccuracies and are misleading. **What the Debtor seeks to do thru his objection to proof of claim is effectively "appeal" the decision of a prior court decision on the issue of standing. Such attempt is improper and an attempt to "forum-shop" his appeal.**

Moreover, the *Rooker-Feldman* doctrine applies. Under that doctrine "inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts." *Moccio v. New York State Office of Admin.*, 95 F.3d 195, 197 (2d Cir. 1996) (lower federal court subject matter jurisdiction is lacking if exercise of jurisdiction results in state court judgment's reversal or modification). "Only the Supreme Court could entertain an appeal to reverse or modify a state court judgment." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

415-16, 68 L. Ed. 362, 44 S. Ct. 149 (1923). In the present action the Plaintiff is in effect seeking that this Court review not only the holdings, ruling and judgments of the state trial court but also the decision stemming from her appeal. The *Rooker-Feldman* doctrine in effect prevents the district court from obtaining jurisdiction over an action already litigated in the state court. *See Grasso v. Groton Long point Association, Inc.* 2001 U.S. Dist LEXIS 14339 (2001, D.C. Conn.) The foreclosure action has been tried by the state trial court and appealed. After a failed appeal and a failed previous bankruptcy, the Plaintiff again attempts to have issues relitigated by this court of which were already adjudicated.

**As the issue of standing has been fully adjudicated in state court the doctrines of res judicata and collateral estoppel apply.**

It is also apparent that the concepts of res judicata, (claim preclusion) and collateral estoppel (issue preclusion) apply to all civil actions. The Supreme Court held that issues actually litigated in a prior state court action could not be re-litigated in a Federal action. *Allen v McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L.Ed. 308 (1980). The court specifically expanded that principal to include issues, which were not litigated in the state court proceeding, but could have been. *Migrate v Warren City School District Board of Education*, 465 U.S. 75, 104 S.C. 892, 79 L.Ed.2d 56 (1984).

"The doctrine of res judicata, or claim preclusion, provides that a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." *Florence Krondes v. Norwalk Savings Society,* 53 Conn. App. 102 (1999). "The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." *Id., citing Delahunty v. Massachusetts*

*Mutual Life Ins. Co.*, 236 Conn. 582 (1996). The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. These doctrines prevent matters from being relitigated which were previously decided on the merits.

> Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter *which might have been offered* for that purpose. . . . The doctrine of res judicata, therefore, applies not only to claims actually made and litigated . . . but also to claims that a party could have made in the initial action. (Emphasis in original; internal quotation marks omitted.)

*Demilo & Co. v. Commissioner of Motor Vehicles*, 233 Conn. 281, 292-93, (1995). "The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal citation omitted.) *Powell v. Infinity Insurance Co.*, 282 Conn. 594, 607 (2007).

"Claim preclusion [res judicata] prevents a litigant from reasserting a claim that has already been decided on the merits . . . Issue preclusion [collateral estoppel], prevents a party from relitigating an issue that has been determined in a prior suit." (Internal quotation marks omitted.) *Nancy G. v. Department of Children & Families*, 248 Conn. 672, 681 (1999). "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuits. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." (Internal quotation marks omitted.) *Cumberland Farms, Inc. v. Groton*, 262 Conn. 45, 58 (2002). "More specifically, collateral estoppel, or issue preclusion ... prohibits the relitigation

of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those in privity with them upon a different claim." (Citations omitted.) *Powell v. Infinity Ins. Co.*, supra, 282 Conn. 600.

The Supreme Court has held that the prior state court actions preclude subsequent litigation in the federal courts to the extent required by the law of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L. Ed. 2d 56 (1984). These principles have been routinely applied in this Circuit. *Gargiul v Tompkins*, 790 F.2d 265 (2nd Cir.1986, Newman, J.); *Hickerson v City of New York*, 146 F.3d 99 (2nd Cir.1998, Cabaranes, J.). The Supreme Court has felt bound by 28 U.S.C. 1738 which requires full faith and credit be given to the effect of state court judgments. The Supreme Court has stressed the need for comity with the state courts, the need to prevent vexatious litigation and to conserve judicial resources. Migra, supra. 104 S.Ct. 896-8. "Federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. ... 'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. ...'" *Id*, citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

As Chase is asserting that res judicata and collateral estoppel arises out of the entry of a decision in the state court, it is necessary to examine the holdings of Connecticut courts with regard to collateral estoppel and res judicata. It is clear that Connecticut law takes a broad view of the scope of the doctrines, more than broad enough to cover the issues and claims the Defendant attempts to raise before this court. "Furthermore, the doctrine of claim preclusion ...

bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made ..." (Citations omitted; internal quotation marks omitted.) *Gaynor v. Payne*, 261 Conn. 585, 595-96 (2002). "We emphasize the well settled rule that '[a] judgment is final not only as to every matter which was offered to sustain the claim, *but also as to any other admissible matter which might have been offered for that purpose.* . . . 1 Restatement (Second), [supra] §§ 19, 25; [F.] James & [G.] Hazard, Civil Procedure [2d Ed. 1977] § 11.3. (Citation omitted; emphasis added; internal quotation marks omitted.) *Delahunty v. Massachusetts Mutual Life Ins. Co.,* supra, 236 Conn. 589." *Powell v. Infinity Ins. Co.*, supra, 282 Conn. 607.

"The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate ... Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Citation omitted; internal quotation marks omitted.) *Powell v. Infinity Ins. Co.*, supra, 282 Conn. 601-02. The determination as to "whether to apply either doctrine in any particular case 'should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. . . . These [underlying] purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. . . . The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate.

. . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest.' (Citation omitted; internal quotation marks omitted.) *Isaac v. Truck Service, Inc.*, 253 Conn. 416, 422-23, 752 A.2d 509 (2000)". *Id.*

"This test measures the preclusive effect of an earlier judgment, and will exclude not only claims which have been asserted but also those which could have been asserted." *Letho v Sproul*, 9 Conn.App. 441, 445 (1986) citing *Duhaime v American Life Reserve Insurance Co.*, 200 Conn. 360, 365 (1986). "...[T]he judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." *Wades Dairy, Inc. v Fairfield*, 181 Conn. App. 556, 559 (1980). "The fact that a prior judicial determination may be flawed, however, is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of res judicata preclude it from being collaterally attacked. . . . If the judgment [in the prior action was] erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceedings." *CFM of Connecticut, Inc. v. Chowdhury*, 239 Conn. 375, 395, (1996).

In the present action the issue of Chase's standing has already been determined, subject to full adjudication before the State Court. The full adjudication of the issues and claims resulted in an affirmed state court decision.

### C. Chase's standing is proper

The Plaintiff at all relevant times to this action had proper standing to commence and/or maintain this action and the Court had always retained subject matter jurisdiction in this action pursuant to C.G.S. §49-17, <u>Bankers Trust Company v. Vaneck</u>, 95 Conn. App. 390 (May 16, 2006) and <u>Fleet v. Nazareth</u>, 75 Conn. App. 791 (April 1, 2003) under the proposition that

Chase had standing to commence a foreclosure action based upon Chase being the owner and holder of the Note (which was endorsed in blank and is bearer paper) at all relevant times hereto. Chase is clearly the proper party to file a Proof of Claim and has unequivocally demonstrated that it is the proper party through its production of the Note, Mortgage, and Assignment of Mortgage.

The Connecticut Appellate Court in <u>SKW Real Estate Ltd. Pshp v. Gallicchio</u>, 49 Conn. App. 563, 570 (1998), stated that "(t)he possession by the bearer of a note endorsed in blank imports prima facie that he acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity. **The production of the note establishes his case prima facie against the makers and he may rest there. . . .** It was for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Citations omitted.) <u>Garris v. Calechman,</u> 118 Conn. 112, 115, 170 A. 789 <u>(1934).</u>" (emphasis added). Chase in this matter has clearly shown conclusive evidence that they were the holder of the underlying Note at the time of the commencement of this action and therefore has standing to be the Plaintiff in this matter.

Based upon the foregoing case law and history of the case, Chase requests that this court take Judicial Notice of all actions, findings and rulings by the state court, **including its findings on the issue of standing.**

Chase further request that this court take notice of the Debtor's execution of a loan modification with Chase and the Debtor's Motion filed before this court which sought permission to enter into said loan modification with Chase. The Debtor thereafter marked off his Objection to Chase's first Proof of Claim with Prejudice. The Debtor now seeks to file another Objection to Proof of Claim which in bad faith seeks to challenge the standing of a

lender to which this Debtor sought out and executed a loan modification with. Chase maintains that the Debtor has grossly acted in bad faith in an attempt to harass Chase, clog the judicial machinery with meritlous litigation, and abuse an already overloaded court docket. Chase therefore requests that the Debtor be ordered to pay Chase its attorney's fees in having to file a response to an otherwise meritlous objection.

    Chase requests that this court overrule the Debtor's objection to proof of claim and further requests that it order the Debtor to pay reasonable adequate protection payments during the pendency of this Chapter 11 case. Chase further requests that it be reimbursed for its attorney fees associated with having to file a written response to an Objection to Motion for Relief from Stay of which was not supported by law and of which had no legal basis attached to it.

    Dated: September 13, 2013

THE DEFENDANT
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION

By: _____
Linda St. Pierre
Fed. Bar No. ct/22287
Hunt Leibert & Jacobson, PC
50 Weston Street
Hartford, CT 06120
860-240-9156