EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: ) | |
| ) | CASE NO. 16-51133 (JAM) |
| JOHNNY RAY MOORE, ) | Chapter 13 |
| ) | Re: ECF Nos. 60, 108, 128, 159 |
| Debtor. ) | |
| ) | |

### ORDER OVERRULING OBJECTION TO CLAIM 14

**I.    Background**

On May 31, 2012, Johnny Ray Moore (the "Debtor"), appearing *pro se*, filed a petition under Chapter 11 of the United States Bankruptcy Code, which was converted to a Chapter 7 case on October 29, 2014 (the "Debtor's 2012 bankruptcy case"). On February 4, 2015, an order of discharge of all dischargeable debts was entered in the Debtor's 2012 bankruptcy case.

On August 24, 2016, the Debtor, again appearing *pro se*, initiated the instant case by filing a petition under Chapter 13 of the United States Bankruptcy Code (the "Debtor's 2016 bankruptcy case"). The bar date for filing proofs of claim in the Debtor's 2016 bankruptcy case was set as December 27, 2016.

On December 27, 2016, JP Morgan Chase, National Association ("JP Morgan"), timely filed a Motion for Extension of Time to File a Proof of Claim (the "Motion for Extension of Time", ECF No. 60). The Motion for Extension of Time was granted on February 2, 2017 (ECF No. 108), and the time for JP Morgan to file its proof of claim was extended until April 3, 2017.

On February 16, 2017, JP Morgan filed its secured proof of claim relating to 10 Rosemary Drive, Stratford, Connecticut 06615 (the "Property") (Claim No. 14). On March 8, 2017, the Debtor filed an Objection to Claim No. 14 (the "Objection to Claim No. 14", ECF No.

128). On April 24, 2017, JP Morgan filed a Response to the Objection to Claim No. 14 (the "Response to the Objection to Claim No. 14", ECF No. 159).

On May 16, 2017, a hearing was held on the Objection to Claim No. 14 and the Response to the Objection to Claim No. 14. During the hearing, the Debtor and counsel for JP Morgan presented their respective positions. At the conclusion of the hearing, the Court took the matter under advisement.

II. **Analysis**

The crux of the Objection to Claim No. 14 is that the discharge received in the Debtor's 2012 bankruptcy case entirely voids JP Morgan's debt. However, the Debtor's interpretation of the discharge injunction is misplaced. The discharge injunction under 11 U.S.C. §§ 524(a)(2), and the discharge provision in 727(b), provide as follows:

> (a) A discharge in a case under this title-(1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor* . . . [and]
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor* . . . .

11 U.S.C. § 524(a) (emphasis added).

> (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

11 U.S.C. § 727(b).

Based on the language of the statute, Section 524(a)(2) prevents enforcement of personal liability and acts as a bar to the "commencement or continuation" of acts or actions to collect a

discharged debt "as a personal liability." *Id.* While a bankruptcy discharge eliminates a borrower's personal liability with respect to real property secured by a lien, the Chapter 7 discharge does not eliminate a lien on the property and a lender is still permitted to proceed with its in rem rights with respect to the property if timely payments are not made. *See* 11 U.S.C. § 727(b); *Johnson v. Home State Bank*, 501 U.S. 78, 80 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."). Furthermore, the United States Supreme Court and courts in this jurisdiction have held that liens on real property and other secured interests pass through bankruptcy unaffected. *See Dewsnup v. Timm*, 502 U.S. 410 (1992); *see also Curwen v. Whiton*, 557 B.R. 39, 43 (D. Conn. 2016). Therefore, a bankruptcy discharge precludes a secured creditor from pursuing a deficiency judgment against the debtor personally, but it leaves intact the secured creditor's right to pursue an action against the debtor *in rem*. *Id.*

Additionally, due process requires that a debtor who seeks to invalidate liens may do so only by filing an adversary proceeding. Fed. R. Bankr. P. 7001(2). The Debtor has not filed an adversary proceeding challenging JP Morgan's lien, and in light of this ruling, any attempt to do so would be futile. Accordingly, JP Morgan's lien remains valid.

Finally, under Rule 3001(f) of the Bankruptcy Rules "[a] proof of claim executed and filed in accordance with ... [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim ." Fed. R. Bankr. P. 3001(f).

> The burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Fed. R. Bankr. P. 3001 by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies these requirements, the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force

> to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence. If, however, the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, *e.g.*, by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is not automatically disallowed; rather, it is merely deprived of any prima facie validity which it could otherwise have obtained.

*In re Jorczak*, 314 B.R. 474, 481 (Bankr. D. Conn. 2004) (internal citations omitted). JP Morgan has satisfied the requirements of the Bankruptcy Rules. Therefore, the burden shifted to the Debtor to overcome the prima facie validity and amount of the claims. The Debtor has not put forth sufficient evidence to rebut JP Morgan's claim.

Therefore, while the Debtor is not personally liable for the debt set forth in the Claim No. 14, JP Morgan has a valid lien that has not been avoided and will remain in place after the bankruptcy case. If the Debtor wishes to confirm a Chapter 13 plan that provides for the retention of the Property that is the subject of Claim No. 14, he must treat Claim No. 14 as a secured claims.

**ORDERED:** The Debtor's Objection to Claim 14 is **OVERRULED**, and Claim 14 is allowed in its entirety; and it is further

**ORDERED:** At or before 4:00 p.m. on September 15, 2017, the Clerk's Office is directed to serve this Order on Mr. Johnny Ray Moore by certified mail, return receipt requested, at 15 Sachem Drive, Shelton, CT 06484.

Dated: September 15, 2017

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut