EXHIBIT E

| | |
|---|---|
| DOCKET NO.: FBT-CV18-6076680-S | : SUPERIOR COURT |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | : JUDICIAL DISTRICT OF<br>: FAIRFIELD |
| V. | : AT BRIDGEPORT |
| JOHNNY RAY MOORE | : August 22, 2019 |

## OBJECTION TO MOTION TO DISMISS

The Plaintiff, JPMorgan Chase Bank, N.A., hereby objects to the Defendant, Johnny Ray Moore's Motion to Dismiss based on an allegation that the Plaintiff did not send Notification of the Emergency Mortgage Assistance Program ("EMAP") to the Defendant pursuant to Conn. Prac. Bk. §10-30 on the following grounds:

    1) The Defendant failed to provide a memorandum of law at the time the Motion to Dismiss was filed;

    2) The Plaintiff is the holder of the note can enforce the defaulted mortgage.

    3) An assignment of mortgage is not the controlling in Connecticut as for standing in a foreclosure action. *RMS v. Miller*, 303 Conn. 224 (2011);

    4) The Defendant's Discharge in Bankruptcy does not defeat the Plaintiff's right to foreclose.

WHEREFORE, the Plaintiff moves that the Court sustain its Objection to the Motion to Dismiss.

Plaintiff

By:___418756_____
Christopher J Picard
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
860-808-0606
Its Attorneys
Juris No. 101589

File: 002881F02

## ORDER

The foregoing Objection having been presented to the Court, it is hereby ORDERED:

SUSTAINED/OVERRULED

BY THE COURT

_____
Judge/Clerk

## CERTIFICATION

I hereby certify that a copy of the above was mailed or electronically delivered on August 22, 2019 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served:

Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484-1756

__418756_____
Christopher J Picard
Attorney for the Plaintiff

**PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.**

File: 002881F02

| | |
|---|---|
| DOCKET NO.: FBT-CV18-6076680-S | : SUPERIOR COURT |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | : JUDICIAL DISTRICT OF<br>: FAIRFIELD |
| V. | : AT BRIDGEPORT |
| JOHNNY RAY MOORE | : AUGUST 22, 2019 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

The Plaintiff, JPMorgan Chase Bank, N.A., hereby submits this memorandum of law in support of its Objection to the Defendant, Johnny Ray Moore's Motion to Dismiss.

### A. FACTS

This action was commenced by way of writ, summons and complaint bearing a return dated of July 31, 2018 with service of process being made at 15 Sachem Drive, Shelton, CT 06484. Shortly after the commencement of this action, the Defendant filed a Notice of Removal to Federal Court. See, Docket Entry No. 104.00. In the notice of removal, the Defendant sets forth his usual place of abode is 15 Sachem Drive, Shelton, CT 06484.

This case was remanded back to this court. See, Docket Entry No. 107.00. On December 28, 2018, the Plaintiff filed a Motion for Default for Failure to Plead which was denied on January 25, 2019 after the Defendant filed an extension of time to plead. After the extension expired, the Plaintiff moved again for default on February 5, 2019, which was denied by the court as the Defendant (among other things) filed a Motion to Dismiss on February 19, 2019, on the basis that the Defendant had not received notice of the availability of the EMAP. See, Docket Entry No. 115.00.

On April 4, 2019, the Plaintiff filed its Objection to Defendant's Motion to Dismiss filed February 19, 2019, noting that the subject property is not the Defendant's primary residence, and thus not eligible for the EMAP program. Moreover, although the Property is not eligible for EMAP, Plaintiff sent notice of

File: 002881F02

EMAP availability to the property as required by law. See, Docket Entry No. 120.00. Ahead of the hearing on the Motion to Dismiss held on June 11, 2019, the Defendant withdrew his Motion to Dismiss. Notwithstanding the withdrawal, this Court denied the Motion to Dismiss. See, Docket Entry No. 115.10

Thereafter, on June 28, 2019, the Plaintiff again moved to default the Defendant for failing to plead, this second Motion to Dismiss followed.

The Plaintiff files this Objection to the Motion to Dismiss in response.

**LAW and ARGUMENT**

I.  **STANDARD OF LAW**

Pursuant to Connecticut Practice Book § 10-30, et seq., a defendant may only submit a Motion to Dismiss to contest the court's jurisdiction over a particular matter. More particularly, "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book §13-31(a) (2000).

"The standard of review on a motion to dismiss is equally well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Villager Pond, Inc. v. Town of Darien*, 54 Conn.App. 178, 183, 734 A.2d 1031 (1999), quoting, *Mahoney v. Lensink*, 213 Conn. 548, 567, 569 A.2d 518 (1990). Furthermore, it is the law in our courts...that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Villager Pond, Inc. v. Town of Darien*, 54 Conn.App. 178, 183, 734 A.2d 1031 (1999), quoting, *Pamela B. v. Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998).

## II. THE LACK OF A MEMORANDUM OF LAW IS FATAL TO THE DEFENDANT'S MOTION TO DISMISS.

As a self-represented party, the Defendant was bound by the rules of practice.

"This court has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. . . . For justice to be done, however, any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice." (Citation omitted; internal quotation marks omitted.)

*Wasilewski v. Machuga*, 92 Conn. App. 341, 342, 885 A.2d 216 (2005), *see also, Shobeiri v. Richards*, 104 Conn. App. 293, 296 (Conn. App. Ct. 2007).

Under Conn. Prac. Bk. §§10-30(c) & 11-10(a), the Defendant was obligated to provide some sort of memorandum of law in support of his Motion to Dismiss at the time of filing the motion.

> **(a)** A motion to dismiss shall be used to assert:
> **(1)** lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) insufficiency of process; and (4) insufficiency of service of process.
> **(b)** Any defendant, wishing to contest the court's jurisdiction, shall do so by filing a motion to dismiss within thirty days of the filing of an appearance.
> **(c) This motion shall always be filed with a supporting memorandum of law** and, where appropriate, with supporting affidavits as to facts not apparent on the record.

Conn. Practice Book § 10-30 (emphasis added).

Further,

> (a) A memorandum of law briefly outlining the claims of law and authority pertinent thereto **shall be filed** and served by the movant with the following motions and requests:

> (1) motions regarding parties filed pursuant to Sections 9-18 through 9-22 and motions to a third party defendant filed pursuant to Section 10-11; **(2) motions to dismiss except those filed pursuant to Section 14-3;** (3) motions to strike; (4) motions to set aside judgment filed pursuant to Section 17-4; and (5) motions for summary judgment. Memoranda of law may be filed by other parties on or before the time the matter appears on the short calendar.

Conn. Practice Book § 11-10 (emphasis added).

Instead of complying with the parameters of Conn. Prac. Bk. §§10-30(c) and 11-10, the Defendant simply filed a Motion to Dismiss and then filed a memorandum of law over thirty days after the filing of the Motion. In *Executive Rental & Leasing, Inc. v. Gershuny Agency, Inc.*, 36 Conn. Sup. 567, 420 A.2d 1171 (1980), the Appellate Session of the Superior Court addressed the necessity of a memorandum of law being filed with a motion for summary judgment, which is also required by Practice Book § 11-10. The court held that "the use of the word 'shall,' rather than 'may,' in the phrase 'shall be filed and served' indicates that this provision is mandatory, rather than permissive ... The requirement ... is not merely directory, but must be followed where a seasonable objection to the failure of the movant to comply with the rule is raised by the opposing party. The trial court cannot waive this requirement over objection of the opposing party because the memorandum of law is directed to the opposing party as well as to the court." *Id.*, 568-69. Since the Memorandum was not filed along with the Motion, it can properly be disregarded.

Wherefore, the Motion to Dismiss is not compliant with the provisions of the rules of practice. Therefore cannot be considered by this court and should be dismissed as moot.

### III. THE PLAINTIFF IS THE HOLDER OF THE NOTE AND THUS ENTITLED TO ENFORCE THE MORTGAGE.

The Plaintiff, JPMorgan Chase Bank, N.A, is the holder of the note and thus has standing to foreclose. The Defendant in his Motion to Dismiss focuses on the assignment of mortgage as the basis for his argument that the Plaintiff did not have standing to bring this action. In his Motion he states that the assignment was not attached to the complaint and under the MERS system it did not reflect the mortgage being transferred to the Plaintiff until after the commencement of the action. However, this is not the standard in Connecticut. An assignment of mortgage has nothing to do with the ability of a party to foreclose. *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570 (March 2, 2010)(setting forth an assignment of mortgage is not necessary to conduct a foreclosure in Connecticut).

The Plaintiff was the holder of the note prior to the commencement of the action and therefore had standing to proceed with this foreclosure action. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted; emphasis added.) *Bysiewicz v. Dinardo*, 298 Conn. 748, 758, 6 A.3d 726 (2010). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." (Internal quotation marks omitted.) *St. Paul Travelers Cos. v. Kuehl*, 299 Conn. 800, 809, 12 A.3d 852 (2011). "Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Andross v. West Hartford*, 285 Conn. 309, 322, 939 A.2d 1146 (2008). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *Monroe v. Horwitch*, 215 Conn. 469, 473, 576 A.2d 1280 (1990). "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *State v. Tabone*, 301 Conn. 708, 713-14, 23 A.3d 689 (2011).

"The standard of review in challenging subject matter jurisdiction is well established. In ruling upon whether a complaint survives a challenge to subject matter jurisdiction, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Emphasis added.) *Villager Pond, Inc. v. Town of Darien*, 54 Conn. App. 178, 183, 734 A.2d 1031 (1999), *quoting, Mahoney v. Lensink*, 213 Conn. 548, 567, 569 A.2d 518 (1990). Furthermore, it is recognized "that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."

File: 002881F02

*Villager Pond, Inc. v. Town of Darien*, 54 Conn. App. 178, 183, 734 A.2d 1031 (1999), *quoting, Pamela B. v. Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998). Consequently, to the extent Defendant is intimating through his pleadings that the case should be dismissed, the Court should take as true the allegations of the Complaint that, at all times relevant, the Plaintiff was the holder of the Note and Mortgage. *See*, Paragraphs 3 & 4 of the Complaint.

Authority to foreclose is determined by statute inclusive of the Uniform Commercial Code, which has been adopted by Connecticut. "A plaintiff's right to enforce a promissory note may be established under the UCC." See *RMS Residential Properties, LLC v. Miller*, 303 Conn. 224, 230-31, 32 A.3d 307 (2011); *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570, 577, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

Connecticut UCC law is relevant to the issue of the enforcement of loan. Connecticut General Statutes Section 42a-3-301 provides:

> A 'person entitled to enforce an instrument' means (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has rights of a holder, or (3) a person not in possession of the instrument whom is entitled to enforce the instrument pursuant to section 42a-3-309 or 2a-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

*See also: J.E. Robert Co. v. Signature Props., LLC*, 309 Conn. 307, 319 (2013).

While Connecticut General Statutes, Section 42a-3-203 additionally provides in pertinent part:

> Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as holder in due course . . . .

Further, Connecticut General Statutes Section 42a-3-201(b) states in part: "If an instrument is payable to bearer, *it may be negotiated by transfer of possession alone.*" (emphasis added). Section 42a-1-201(b)(21) defines "Holder" to include:

> The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; (B) The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the

File: 002881F02

order of the person in possession; or (C) The person in control of the negotiable electronic document of title.

Connecticut General Statutes Section 42a-3-109 defines bearer paper as an instrument payable to an identified party that may become payable to bearer if endorsed in blank pursuant to Section 42a-3-205(b). Connecticut General Statutes Section 42a-3-205 provides when *the instrument is endorsed in blank* it becomes payable to bearer and "may be negotiated by transfer of possession alone until specially endorsed." In this action, the Note is endorsed in blank, and as such the Plaintiff is the proper party to prosecute this foreclosure action. See attached Exhibit A, a true and accurate copy of the Note and Allonge. Defendant does not - and cannot - allege that MERS ever held that Note (since it did not) and MERS thus is not the proper party to bring this action - Plaintiff is.

In conjunction with the UCC provisions, "[Connecticut] General Statutes §49-17 permits the holder of a negotiable instrument [note] that is secured by a mortgage to foreclose on the mortgage even when the mortgage has not yet been assigned to him." *Bankers Trust Co. of Ca., N.A. v. Vaneck*, 95 Conn. App. 390, 899 A.2d 41, cert. denied, 279 Conn. 908, 901 A.2d 1225 (2006) (emphasis added) (citing *Fleet National Bank v. Nazareth,* 75 Conn. App. 791, 795, 818 A.2d 69 (2003)). The *Bankers Trust* court ruled that Section 49-17 "codifies the common law principle of long standing that 'the mortgage follows the note,' pursuant to which the rightful owner of the note has the right to enforce the mortgage." *Id.* (citing *New Milford Savings Bank v. Jajer*, 244 Conn. 251, 266, 708 A.2d 1378 (1998)). Here, of course, MERS did assign the Mortgage to Plaintiff prior to foreclosure thus Plaintiff is both the mortgagee and the note holder.

The Connecticut Appellate Court in *SKW Real Estate Ltd. Partnership v. Gallicchio*, 49 Conn. App. 563, 570 (1998), stated that "(t)he possession by the bearer of a note endorsed in blank imports prima facie that he acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity. The production of the note establishes his case prima facie against the makers and he may rest there. . . . It was for the defendant to set up and prove the

File: 002881F02

facts which limit or change the plaintiff's rights." (citations omitted.) *Garris v. Calechman*, 118 Conn. 112, 115, 170 A. 789 (1934). (emphasis added).

The Appellate Court issued a supporting decision relating to holder of note endorsed in blank and standing in *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570 (March 2, 2010), finding that "(t)he defendant has failed to present even a scintilla of evidence demonstrating that the plaintiff was not in possession of the promissory note or contradicting its status as a bona fide holder of the note." The Connecticut Appellate Court also issued a supporting decision in *HSBC v. Navin*, 129 Conn. App. 707 (June 28, 2011), which the court upheld a trial court's granting of summary judgment based upon the plaintiff's affidavit stating they were the holder of the note prior to the commencement of the foreclosure suit along with a copy of such note which was endorsed in blank and that the defendant failed to present any evidence to satisfy their burden of providing an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.

The Connecticut Supreme Court's decision in *RMS Residential Properties, LLC v. Miller*, 303 Conn. 224 (2011), and held that there is a rebuttable presumption of standing when the foreclosure plaintiff is able to produce the original note as that party is presumed to be the owner of the debt and has standing. The *Miller* case concerned a Note endorsed in blank and the presumption of standing.

In this instance, the underlying Note has an allonge endorsed in blank. Counsel for the Plaintiff has in its possession the *original note* and can produce the same for the court's inspection at the hearing of this motion. See, *Equity One, Inc. v. Shivers*, 310 Conn. 119, 133-135, 74 A.3d 1225 (2013). Under this circumstance it is "for the defendant to set up and prove the facts which limit or change the plaintiff's rights" (Citation omitted) *RMS Residential Props., LLC v. Miller, supra*, 303 Conn. at 232, 32 A.3d 307. The Defendant has clearly failed to do so. No facts have been alleged, nor could facts be alleged, that would limit plaintiff's rights in this case.

As a result, the Plaintiff has standing in this action.

File: 002881F02

## IV. AN ASSIGNMENT OF MORTGAGE IS NOT THE CONTROLLING IN CONNECTICUT AS FOR STANDING IN A FORECLOSURE ACTION.

The Defendant raises an additional argument concerning the assignment of mortgage as the basis for his argument that the Plaintiff did not have standing to bring this action. In his Motion he states that the assignment of the mortgage to the Plaintiff is fraudulent. However, as set forth above, the assignment of mortgage has nothing to do with the ability of a party to foreclose. See, *Chase Home Finance, LLC v. Fequiere*, supra, *RMS Residential Properties, LLC v. Miller*, supra, and Conn. Gen. St. §49-17 supra.

The issue of an assignment of mortgage was resolved in *RMS Residential Properties, LLC v. Miller*, supra, at 237-238. The Defendant in *RMS* contended that Mortgage Electronic Registration Systems, Inc. (MERS) could not act as the nominee of the original lender and its successors and assigns. The court disagreed and stated that the nature of the transaction with MERS was fully disclosed in the loan documents and as a result the mortgage was valid. Id.

In this instance, the Defendant is asking how can MERS assign the mortgage to the Plaintiff. MERS MERS was nominated by the original lender to the be the mortgagee, as nominee for the original lender and its successors and assigns. See, *RMS Residential Properties, LLC v. Miller*, supra, at 237-238. Further, the Defendant granted MERS the ability to assign the mortgage. See, Exhibit B, a true and accurate copy of the Mortgage at ¶ 20.

*RMS Residential Properties, LLC v. Miller* is controlling, MERS acted as the nominee of Mortgage Capital Associates, Inc., its successors and assigns, as set forth on the front page of the Mortgage. See, Exhibit B, a true and accurate copy of the Mortgage at ¶ 20. As with *RMS*, MERS then assigned the mortgage to the Plaintiff and the assignment is valid.

The Defendant in his Motion has utterly failed to produce any admissible or inadmissible evidence that the Plaintiff is not the holder of the note or the valid assignee of the Mortgage. Nothing the Defendant has presented in his Motion rises to the level set forth in *RMS*, supra.

File: 002881F02

In addition, the argument is specious based on the Defendant's own conduct. On January 23, 2013, the Defendant executed a Loan Modification with the Plaintiff, effective February 1, 2013. Plaintiff's counsel is in possession of this loan modification, and a true and accurate copy is attached hereto as <u>Exhibit D</u>. See also ¶ 3 of the Complaint. Having recognized the Plaintiff's standing previously and drawn a benefit from this acknowledgment, the Defendant cannot now suddenly claim that the Mortgage and Note are unenforceable, simply because it now suits his purpose to do so. He is estopped by his own prior conduct.

## V. THE DEFENDANT'S DISCHARGE IN BANKRUPTCY DOES NOT DEFEAT THE PLAINTIFF'S RIGHT TO FORECLOSE.

In Paragraph 15, sic, of his Motion to Dismiss, the Defendant states that on February 4, 2015, he received a personal discharge under 11 U.S.C. §727, and that this foreclosure is an *in personam* action against him, in violation of 11 U.S.C. §524(a)(1)(2). This statement is untrue. A discharge of indebtedness may prevent a deficiency judgment against a Defendant in a foreclosure action, but the Plaintiff is still within its rights to foreclose on the Property.

> A majority of cases has held that the Bankruptcy Code and its legislative history plainly establish that "valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." *Estate of Lellock* v. *Prudential Ins. Co. of America*, 811 F.2d 186, 189 (3d Cir. 1987), citing *In re Landmark*, 48 B.R. 626 (Bankr. D. Minn. 1985); *In re Atoka Agricultural Systems, Inc.*, 39 B.R. 474, 477 (Bankr. E.D. Va. 1984); *United Presidential Life Ins. Co.* v. *Barker*, 31 B.R. 145, 147 (Bankr. N.D. Tex. 1983); *In re Weathers*, 15 B.R. 945, 950 (Bankr. D. Kan. 1981). "'A long line of cases . . . **allows a creditor with a loan secured by a lien on assets of the debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt.'"** *In re Harris*, 64 B.R. 717, 720 (Bankr. D. Conn. 1986), quoting *In the Matter of Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984). A valid judicial lien is not affected by a discharge in bankruptcy. "[T]he discharge in bankruptcy does not extinguish the underlying debt. It only prevents [the] debtor from being personally liable for the discharged debt and forecloses collection of any deficiency judgment, thereby limiting the claimant to enforce its collection efforts in in rem actions against property subject to a valid, prebankruptcy lien guaranteeing payment of the debt." *In the Matter of Moscoso Villaronga*, 111 B.R. 13, 18 (Bankr. D. Puerto Rico 1989).

File: 002881F02

*Shawmut Bank v. Brooks Development Corp.*, 46 Conn. App. 399, 410–11, 699 A.2d 283 (1997) (emphasis added). In this case, the Plaintiff is seeking to foreclose on the Property and has indicated to the Defendant that it would not seek a deficiency judgment. (See Exhibit C, under "Important Legal Information").

When a party issues a promissory note, he agrees to pay the instrument according to its terms. Conn. Gen. Stat. §§ 42a-3-103(5), 42a-3-412 (2001). The holder of the note has the power to enforce payment. Conn. Gen. Stat. § 42a-3-301 (2001). As such, when the maker's signature has either been admitted or established, the holder is entitled to recover upon the note and mortgage unless the defendant establishes a defense.

As evidenced by the Mortgage Deed, the Defendant gave the Plaintiff a Mortgage to secure the payment of the promissory Note. The terms of the Mortgage determine the Plaintiff's right to foreclose the Mortgage. *New England Savings Bank v. Bedford Realty Corp.*, 246 Conn. 594, 611, 717 A.2d 713 (1998). In the present case, the Mortgage provides that upon a default under the promissory Note, the Plaintiff is entitled to foreclose on the Mortgage, demand immediate payment of all sums due and owing, and collect all expenses incurred in pursuing its remedy.

"[T]he institution of a foreclosure action is a valid exercise of a mortgagee's acceleration right." *Hartford Federal Savings & Loan Association v. Tucker*, 196 Conn. 172, 180, 491 A.2d 1084 (1985) (citation omitted). A mortgagee has legal title to the mortgaged property, and the mortgagor has equitable title, also called the equity of redemption. *Conference Center Ltd. v. TRC*, 189 Conn. 212, 218, 455 A.2d 857 (1983). Foreclosure actions are instituted to enable a mortgagee or lienor to cut off equities of redemption and thus bring enforcement or perfection to its incomplete title. *Pettus v. Gault*, 81 Conn. 415, 71 A. 509 (1908). When the Plaintiff establishes it is the holder of the Note and satisfies the Court of its nonpayment, it establishes its right to avail itself of such security as the mortgage affords. *See New England Savings Bank v. Bedford Realty Corp.*, 246 Conn. 594, 717 A.2d 713 (1998); *Fleet v. Nazareth*, 75 Conn. App. 791, 818 A.2d 69 (2003). The Affidavit demonstrates that the Plaintiff is the holder of the Note and

File: 002881F02

Mortgage and that same are in default. As the Plaintiff is the holder of the Note, it may enforce the Note by foreclosing on the Mortgage securing it. *Fleet,* 75 Conn. App. at 794–95.

### C.    CONCLUSION

For the reasons set forth above, the Plaintiff's Objection to the Motion to Dismiss should be sustained as the motion to dismiss is factually and legally incorrect.

           Plaintiff

           By:\_\_\_418756_____
              Christopher J Picard
              McCalla Raymer Leibert Pierce, LLC
              50 Weston Street
              Hartford, CT 06120
              860-808-0606
              Its Attorneys
              Juris No. 101589

File: 002881F02