EXHIBIT G

ORDER    436945

DOCKET NO: FBTCV186076680S

JPMORGAN CHASE BANK NATIONAL
ASSOCIATION
    V.
MOORE, JOHNNY RAY

SUPERIOR COURT

JUDICIAL DISTRICT OF FAIRFIELD
    AT BRIDGEPORT

7/24/2019

## ORDER

ORDER REGARDING:
07/01/2019 125.00 OBJECTION TO MOTION

The foregoing, having been considered by the Court, is hereby:

ORDER: SUSTAINED

mailed to appearing parties on 7/25/19

436945

Judge: ALICE ANN BRUNO

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

EXHIBIT G

| | | |
|---|---|---|
| **DOCKET NO.: FBT-CV-18-6076680-S** | : | **SUPERIOR COURT** |
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION** | : | **JUDICIAL DISTRICT OF FAIRFIELD** |
| **V.** | : | **AT BRIDGEPORT** |
| **JOHNNY RAY MOORE, ET AL.** | : | **JUNE 30, 2019** |

### OBJECTION TO MOTION TO VACATE ORDER (123.00)

The Plaintiff hereby files this Objection to the Motion to Vacate Order filed by the Defendant, Johnny Ray Moore (hereinafter the Defendant), on June 21, 2019. In support thereof, the Plaintiff states the following.

The Defendant's Motion, although styled as a Motion to Vacate Order, is in substance a motion seeking to reargue the court's decision denying his Motion to Dismiss and sustaining the Plaintiff's Objection. The Defendant fails to meet his burden for reargument. A motion to reargue is not a device to obtain "a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Internal quotation marks omitted.) *Opoku v. Grant,* 63 Conn. App. 686, 693, 778 A.2d 981 (2001); *Intercity Development, LLC v. Andrade*, 286 Conn. 177, 189 (2008). Rather, reargument is proper when intended "to demonstrate to the court that there is some . . . principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of fact." (Internal quotation marks omitted.) *Id.,* 692.

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

The Defendant fails to meet the burden for reargument. He fails to show that there was a misapprehension of facts or that a controlling principle of law was overlooked. He also does not allege that there was any error in the substance of the court's decision, and he does not even attempt to argue the merits or substance of the court's decision. Instead, the Defendant attempts to make an argument that the court could not rule on his Motion because he withdrew it at the last minute. The Defendant's argument, however, is entirely meritless and simply belies the fact that the withdrawal of his Motion was nothing more than a dilatory tactic to delay the foreclosure.

On December 28, 2018, the Plaintiff filed a Motion for Default for Failure to Plead. The Defendant, in response, filed two Motions for Extension of Time, seeking time to plead, which were granted. On February 19, 2019, the Defendant filed a Motion to Dismiss. The Plaintiff filed an Objection in response on April 4, 2019. The Defendant's Motion to Dismiss was initially scheduled for the April 8, 2019 short calendar. He, however, chose not to mark it and the hearing did not go forward. The Defendant filed a reclaim slip on April 16, 2019, which calendared the Motion to Dismiss for the May 6, 2019 short calendar. Again, the Defendant chose not to mark his Motion, and the hearing did not go forward. The Plaintiff reclaimed the Motion to Dismiss and its Objection on May 21, 2019, and both matters were calendared for the June 11, 2019 short calendar. As demonstrated by Exhibit F of the Defendant's Motion, the

Defendant marked both matters off on June 6, 2019 at 8:45 AM. The Plaintiff, however, marked its Objection ready at 12:38 PM on the same date, in order to have the matter adjudicated. The Defendant, upon realizing that the Plaintiff was proceeding with its Objection, filed a Withdrawal of his Motion to Dismiss on June 7, 2019 at 11:08 PM, as demonstrated by Exhibit G of his Motion. Then, as the Defendant admits in his Motion, he chose not to attend the June 11, 2019 short calendar, despite the fact that the Plaintiff's Objection had been marked ready.

The Defendant claims he wants to clarify the record, stating that the court couldn't rule on the Motion to Dismiss because it was withdrawn, and the couldn't rule on the Objection because it became moot. In reality, the Defendant is most likely seeking to vacate the order in order to file another motion to dismiss, alleging the exact same argument as the prior motion that was withdrawn. The Defendant filed the Motion to Dismiss, without any memorandum of law, and he did not mark it for the two hearings that were scheduled. Then, when the Plaintiff sought to adjudicate the matter, the Defendant attempted to mark it off and ultimately filed the Withdrawal in a futile attempt to prevent adjudication. Given the dilatory tactics by the Defendant in this case, including the improper removal to federal court, the Defendant's Motion should be denied.

Insofar that the Defendant may claim that he was not ready to argue, he did not file a Motion for Extension of Time nor did he file a Motion for Continuance. Insofar that the Defendant may claim the Plaintiff could not reclaim his Motion, the Plaintiff reclaimed it under authority provided by Practice Book § 11-13(c). Further, insofar that the Defendant claims errors with the June 11th hearing, he failed to appear at the hearing and thus waived the right to oral argument per Practice Book § 11-18(d). In addition, although the court order on the Motion to Dismiss says it was denied, the court acknowledges that the Motion was withdrawn in the order on the Objection and specifically was entering an order on the Objection only. Finally, insofar that the Defendant claims that the Objection became moot once the Motion to Dismiss was withdrawn, the Defendant is incorrect. The Defendant raised an allegation of a lack of subject matter jurisdiction, and the court chose to address it, because it is a well settled doctrine that the court must address the issue of subject matter jurisdiction once raised. The Defendant presents no cause whatsoever in his Motion, and it should be denied.

WHEREFORE, for the reasons stated above, the Plaintiff respectfully requests that Plaintiff's Objection be sustained and that the Defendant's Motion be denied.

Plaintiff

By_____427656_____
    Joseph R Dunaj
    McCalla Raymer Leibert Pierce, LLC
    Its Attorneys
    50 Weston Street
    Hartford, Ct. 06120
    (860) 808-0606
    Juris No. 101589

## ORDER

The foregoing objection being duly heard is hereby:

SUSTAINED/OVERRULED
_____
JUDGE

5

## <u>CERTIFICATION</u>

This is to certify that, pursuant to Connecticut Practice Book § 10-13, a copy of the foregoing has been served, either by first class mail, postage prepaid, or by electronic means on June 30, 2019 to the following:

**Johnny Ray Moore**
**15 SACHEM DRIVE**
**SHELTON, CT 06484**

　427656　
Joseph R Dunaj
Attorney for the Plaintiff

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR.  WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.

EXHIBIT G

| | | |
|---|---|---|
| DOCKET NO.: FBT-CV-18-6076680-S | : | SUPERIOR COURT |
| | : | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | : | JUDICIAL DISTRICT OF FAIRFIELD |
| PLAINTIFF | : | |
| | : | AT BRIDGEPORT |
| vs | : | |
| | : | June 21, 2019 |
| JOHNNY RAY MOORE | : | |
| | : | |
| DEFENDANT | : | |

## DEFENDANT'S MOTION TO VACATE ORDERS

**NOW COMES,** Johnny Ray Moore, the above named "Defendant", respectfully moves the Court to vacate Order No. 115.10 ( *see* Exhibit A.), and Court Order No. 120.10 ( see Exhibit B), issued by the Honorable Judge Alice Ann Bruno, on June 11, 2019. The Defendant claims the Court overlooked the material fact that the Defendant's Motion to Dismiss, (the Motion), Doc. No. 115, was marked off by the Defendant's and was not on the short calendar to be considered by the Court on 06/11/ 2019. In support of the requested relief, the Defendant claims the following in support thereof:

1.      JPMorgan Chase Bank, National Association ("the Plaintiff"), reclaimed both the Motion and its Objection to the Motion on May 21, 2019. (*see* Exhibit C).

2.      The Defendant, who is not represented by legal counsel, ( pro se) was not prepared to go forth on June 11, 2019 @ 9:30 am. when both the Motion and Objection was to be considered by the Court.

3.      The Defendant therefore marked the matter off in accordance with the statewide rules of civil procedures that govern the short calendar civil for matters in our state courts.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

1.

4.      The Defendant claims on June 6, 2019 @ 8:45:22 AM, both the Motion and Objection that was reclaimed by the Plaintiff was marked Off (*see* Exhibit D).

5.      The Defendant, also notified and communicated with the Plaintiff's counsel, attorney Chris Picard that the matter was marked off, because the Defendant was not ready to proceed and would be filing his memorandum of law in support of his Motion.

6.      The Defendant claims that his Motion to Dismiss was not before the Court, to be adjudicated in accordance with the rules that govern the state court's short calendar civil procedures.  It clearly states in the short calendar notices mailed out by the Courts at  #5 " *If you have marked your motion or pleading Ready or Take Papers and you do not want the court to decide it on the court date shown, you must mark it OFF.*

7.      The Defendant claims that not only did he mark his Motion Off, but the Defendant was not required to appear in Court on June 11, 2019 @ 9:30 a.m. The uniform standing order that govern the statewide short calendar civil proceedings, clearly state that if a motion or pleading has been marked off. *You do not have to come to court if the motion or pleading has been marked Off or Take Papers.* (see Exhibit E).

8.     The Court has erred in its decision to dismiss the Defendant's Motion, knowing the matter was withdrawn. This is evidence as the Court having stated in its Order No. 120.10, in support of sustaining the Plaintiff's Objection, Doc. No. 120.

        a.    The Court claims in support of it decision to Dismiss, #115, the Motion was on the Court Calendar for 06/11/2019 to be considered by the Court. *It was not.* This is a misrepresentation of material fact made by the Court. (see Exhibit F).

        b.  The Court overlooked the material fact that the Defendant was not required to

2.

appear in Court because his Motion was marked Off. There was no failure on the part of the Defendant not to appear in Court on 06/1102019 based on the rules that govern the Court proceedings.

    c.  The Defendant claims that because to the Court overlooked the material fact that the Defendant marked off his Motion, the Court has erred and has prejudiced the Defendant by dismissing the Motion.

    d.  Counsel for the Plaintiff's and the court clerk's had a duty to inform the Honorable Judge Alice Ann Bruno of the material fact that the Defendant had marked his Motion Off. It appears there was a failure to do so for the Record.

9.    The Defendant claims also that counsel, reclaimed its Objection and marked it ready on 06/06/2019 at 12: 38:28. The Motion was still marked Off. (see Exhibit F).

10.    The Defendant claims that after several text messages with attorney Chris Picard, the Defendant decided to withdrawn his Motion.

11.    The Defendant claims June 7, 2019, at 11:08:08, Doc. No. 122, the Defendant withdraw his Motion and rendered the Plaintiff's Objection to the Motion Moot before the Court (see Exhibit G). The Defendant emailed counsel a copy.

12.    The Defendant claims that according to the Court Order No. 120.10, sustaining the Plaintiff's Objection to the Motion. It was clear that the Court was aware of the material fact, that the Defendant had withdrawn its Motion, having mentioned the withdrawal in it decision.

13.    The Defendant complied with the uniform statewide rules that govern the short

3.

calendar matters and marked his motion Off. In addition, the Defendant withdrew the Motion rendering the Plaintiff's Objection moot. The Defendant should not be prejudiced by the Court because he was not ready to go forward with his motion, because he was working on filing his memorandum of law for which the Defendant had informed attorney Chris Picard he was in the process of doing. This ruling undermines public confidence in the integrity of how matters are to be heard and adjudicated by the courts when matter are marked Off and or withdrawn. Here both were done.

**WHEREFORE**, in the ACT to keep an accurate record of the proceedings of the case. In order to preserve an accurate record that will show that the Court will up hold the civil rules of the Court because the Motion was marked Off and withdrawn.  The Defendant prays that the Court will vacate Court Order No. 115.10, because the Motion was marked off, and was not on the Calendar to be considered by the Court as stated in It's Order No. 120.10, in consideration of sustaining the Plaintiff's Objection.

The Defendant also prays that the relief be granted because the Defendant's Motion had already been withdrawn thereby rendering the Plaintiff's Objection moot. The Defendant claims that the following relief should be granted because the Court claims that it is Not Entering A Ruling on the Defendant's Motion. Yet  the dismissal of the Motion is a ruling in itself against the Defendant. The Defendant also states that the vacating of the said Orders will accurately preserve the file Record appropriately. Thereby allowing the Defendant the opportunity to refile his Motion to Dismiss with the memorandum of law. To mark his motion ready and appear in Court to argue why the Defendant claims

the Court is without jurisdiction over the subject matter to grant the relief this Plaintiff

seeks from the Court and not be prejudiced by any argument that the Plaintiff will make

that the Motion to Dismiss and the issues raised in the Motion have been considered by

the Court. This matter has not been assigned for trial and the granting of the requested

relief sought the Defendant will in no wise prejudice the Plaintiff with regard to the

sufficiency of its pleadings.

Date: _6/ 21 / 2019_

THE DEFENDANT,
Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT 06484
203-395-4282
greenenergyjrm@gmail.com

5.

# ORDER

The foregoing Motion to Vacate having been presented to the Court, after hearing had, it is Hereby ORDER:

GRANTED/ DENIED

BY THE COURT

_____

Judge /Clerk

6.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the motion to vacate court orders was mailed or electronic delivered on June 21, 2019, to the following party listed below:

Attorney William J. Davenport
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford CT 06120
203-808-0606
william.davenport@mccalla.com

Attorney Chris Picard
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford CT 06120
203-808-0606
Chris.picard@mccalla.com

Date: _6/21/2019_

THE DEFENDANT
Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT 06484
203-395-4282
greenenergyjrm@gmail.com

7.

# EXHIBIT A.

CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF FAIRFIELD
1061 MAIN STREET
BRIDGEPORT, CT 06604

JOHNNY RAY MOORE
15 SACHEM DRIVE
SHELTON, CT 06484

Docket Number: **FBT-CV-18-6076680-S**        Notice Issued: **06/12/2019**

Case Caption: **JPMORGAN CHASE BANK NATIONAL ASSOCIATION  v. MOORE, JOHNNY RAY**

                              JDNO NOTICE                    Sequence #: **2**

ORDER REGARDING:
02/19/2019 115.00 MOTION TO DISMISS PB 10-30
The foregoing, having been considered by the Court, is hereby:
ORDER: DENIED
See Order GRANTING #120.

Judge: ALICE ANN BRUNO
6/11/19

9

# EXHIBIT _B_ .

CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF FAIRFIELD
1061 MAIN STREET
BRIDGEPORT, CT 06604

JOHNNY RAY MOORE
15 SACHEM DRIVE
SHELTON, CT 06484


Docket Number: **FBT-CV-18-6076680-S**    Notice Issued: **06/12/2019**
Case Caption: **JPMORGAN CHASE BANK NATIONAL ASSOCIATION  v. MOORE, JOHNNY RAY**

                            JDNO NOTICE                    Sequence #: **1**

ORDER REGARDING:
04/04/2019 120.00 OBJECTION TO MOTION
The foregoing, having been considered by the Court, is hereby:
ORDER: SUSTAINED
The Plaintiff's Objection, #120, to the Defendant's Motion to Dismiss,
#115, is SUSTAINED.
Defendant's Motion, #115, should be Denied, and would be Denied by the
Court, for the reasons set
forth in Plaintiff's Objection and Memorandum of Law, and Affidavit of
Compliance with EMAP at
#121and Exhibit, submitted in Support of that Objection, all found at line
#129. The Court having had
the opportunity to have reviewed these pleadings prior to today, as well as
today, FINDS them to have
merit and that they be SUSTAINED.
The Court notes that the Motion to Dismiss, #115, was also on the Court
Calendar today, June 11, but
the Defendant was not present. However, after the conclusion of the court
proceeding, the Defendant's
there was a notation of a new filing at line #121, which he had filed to
withdraw his Motion to Dismiss
at line #115. As this was not before the Court at the time of the Hearing,
although appeared immediately
thereafter, the court is NOT ENTERING A RULING ON #115. It does ACT on
this, #120, as necessary
to keep a complete record as to the Decision of the Court and to preserve
the file Record appropriately,
the Court having the matters set out at #120 before it for its
consideration at a prior calendar, as well as
today.
Judge: ALICE ANN BRUNO 6/11/19

# EXHIBIT C .

## SHORT CALENDAR LIST
## CLAIM/RECLAIM

JD-CL-6 Rev. 6-12
Pr. Bk. Secs. 11-13, 11-16, 11-18, 17-31, 25A-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

### Instructions

Do not file with original motion. Use only for reclaiming motions or
for motions that must be claimed by rule (Connecticut Practice Book
section 17-31).

| Return date |
| --- |
| **Jul-31-2018** |
| Docket number |
| **FBT-CV-18-6076680-S** |

Name of case (Full name of Plaintiff v. Full name of Defendant)

**JPMORGAN CHASE BANK NATIONAL ASSOCIATION  v. MOORE, JOHNNY RAY**

[x] Judicial District     [ ] Housing Session     [ ] Geographical Area Number

Address of Court (Number, street, town and zip code)
**1061 MAIN STREET BRIDGEPORT, CT 06604**

The:  [x] Plaintiff     [ ] Defendant     [ ] Support Enforcement Officer
      [ ] Other (Specify) _____

is claiming or reclaiming the following motion(s) for the **SHORT CALENDAR LIST:**

| Date of Motion | Number of Motion (if known) | Title of Motion |
| --- | --- | --- |
| FEB 19 2019 | 115.00 | MOTION TO DISMISS PB 10-30 |
| APR 4 2019 | 120.00 | OBJECTION TO MOTION |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on (date) __May-21-2019__ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

**JOHNNY RAY MOORE (Self Represented) - 15 SACHEM DRIVE SHELTON, CT 06484**

| | For Court Use Only |
| --- | --- |

| Signed (Signature of filer) | Print or type name of person signing | Date signed |
| --- | --- | --- |
| ▶ **410424** | **KEVIN CHARLES SANDBERG** | **May-21-2019** |
| Mailing address (Number, street, town, state and zip code) | | Telephone number |
| **50 WESTON STREET HARTFORD, CT 06120** | | **860-808-0606** |

*If necessary, attach additional sheet or sheets with name and address which the copy was mailed or delivered to.

[x] Superior Court (Other than Family Support Magistrate Matters)     [ ] Assigned for Trial     [ ] Family Support Magistrate Matters

13

# EXHIBIT D .

State of Connecticut Judicial Branch
# Superior Court E-Filing



E-Services Home

E-Services Inbox (24)

Superior Court E-Filing
  Civil/Family
  Housing
  Small Claims

E-File a New Case

E-File on an
Existing Case
  By Docket Number
  By Party Name
  List My Cases

Court Events
  By Date
  By Docket Number

Short Calendars
  Markings Entry
  Markings History
  My Short Calendars
  By Court Location
  Calendar Notices

My Shopping Cart (0)
My E-Filed Items
My Access Requests

Pending
Foreclosure Sales

Search By Property Address

Logged-In User: Johnny Ray Moore (JRayMoore1)

E-Mail: johnnyraymoore@gmail.com Logout

## Short Calendars Markings Confirmation

New Search

The following Short Calendar Markings were received on:
**Thursday, June 06, 2019 08:45:22 AM**
**for Johnny Ray Moore (JRayMoore1)**

| Short Calendar Markings Received |
|---|

Case Name: JPMORGAN CHASE BANK NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY Marked: Off
Docket Number: FBT-CV-18-6076680-S       Location: Bridgeport JD
Court Date: Jun 11, 2019  9:30 AM        Case Type: CV
Cal.-Seq. No.: 02-066                    Entry No.: 115.00
Motion/Objection: MOTION TO DISMISS PB 10-30  (Defendant)

Case Name: JPMORGAN CHASE BANK NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY Marked: Off
Docket Number: FBT-CV-18-6076680-S       Location: Bridgeport JD
Court Date: Jun 11, 2019  9:30 AM        Case Type: CV
Cal.-Seq. No.: 02-066                    Entry No.: 120.00
Motion/Objection: OBJECTION TO MOTION  (Plaintiff)

Certified By Johnny Moore, (203) 395-4282

Self-represented Party JRayMoore1 has submitted 2 markings.

Print Receipt

Return to Markings Entry Search          Return to Civil / Family Menu

Copyright © 2019, State of Connecticut Judicial Branch

15

# EXHIBIT _E_.

CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF FAIRFIELD
1061 MAIN STREET
BRIDGEPORT, CT 06604

Additional information is available on the Judicial Branch
website at http://www.jud.ct.gov/external/super/StandOrders and
forms are available on the Judicial Branch website at
http://www.jud.ct.gov/webforms/.
**Note:** Under the federal Violence Against Women Act of 2005,
cases for relief from physical abuse, foreign protective orders,
and motions that would be likely to publicly reveal the identity
or location of a protected party may not be displayed and may be
available only at the courts.

JOHNNY RAY MOORE
15 SACHEM DRIVE
SHELTON, CT 06484

### Why am I getting this notice?

This notice tells you that your case is on the short calendar.
The short calendar is a list of cases with motions or pleadings that
require action by a judge. The motions or pleadings are usually
filed by you or by another party.

### What do I have to do when I get this notice?

If the motion or pleading is one that you filed, you have to let the court know
whether you want the court to decide it by **marking it**
within the marking period.

You have to choose one of the following **marking** options:

1. If your motion or pleading is listed as **ARG**
and you want to come to court and present your claims about it to a judge,
you must mark the motion or pleading **Ready.**

2. If your motion or pleading is listed as **ARG**
and you do not want to come to court but you want the court to decide it,
you must mark your motion or pleading **Take Papers.**

3. The court requires argument on the following motions even though
they are listed as non-arguable (NA) on the calendar:
Motion to open and modify judgment; Motion to open and vacate judgment;
Motion to open judgment; Motion to open judgment and extend the law day;
and Motion to open judgment and extend the sale date.
To argue any one of these motions on the day of the calendar, they must
be marked "Ready."

4. If your motion or pleading is listed as **N/A**
and you want the court to decide it, other than a motion listed in 2 above,
you must mark it **Take Papers.** The court will decide the motion or pleading
by reviewing the documents on file that concern the motion.
You can ask the court for permission to come to court on a later date
to present your claims to a judge
by marking the motion or pleading **Take Papers** and
filing a **Request for Argument(JD-CV-128).**
If the court agrees to hear your argument, the clerk will send you
another notice about a future date to come to court.
Do not come to court on the court date listed on the other side of this notice.

5. If you have marked your motion or pleading **Ready** or **Take Papers**
and you do not want the court to decide it on the court date shown
on the other side of this notice, you must mark it **OFF.**

### How do I mark a motion?

You must call the court at 203-579-7228 during the week before the court
date shown on the other side of this notice.
You must call between 9:00 a.m. Tuesday and 4:00 p.m. Thursday, unless
there is a state holiday during the marking week. If a state holiday
is on Thursday, you must call the court between 9:00 a.m. Tuesday and
5:00 p.m. Wednesday. If a state holiday is on Friday, you must call
between 9:00 a.m. Tuesday and 11:00 a.m. Thursday. **You cannot fax or
email your marking to the court.**
When you call the court, you must give the court your name and the
following information that is shown on the other side of this notice.
 - The calendar number and the position number of the case
 - The name and docket number of the case
 - The entry number and the title of your motion or pleading.
 - You must then give the court the marking: Ready, Take Papers or
Off. The marking tells the court what you want it to do with your
motion or pleading.
 - You must then tell the court that the other parties have been
notified about the marking.
You must tell the other parties in the case by phone, fax or email
how you marked your motion or pleading. If other parties mark their
motions or pleadings, they must tell you.

### Do I have to come to court on the calendar date?

**You have to come to court on the court date for motions listed as ARG if**
you or another party marked the motion or pleading **Ready.** You do not
have to come to court if the motion or pleading has been marked Off or
Take Papers.
**You have to come to court, if the motion is an application for
exemption, motion for modification of execution, motion for examination
of judgment debtor, motion for approval of report of an attorney trial
referee or fact-finder, or an objection to one of these motions, even**
if the motion or objection has not been marked Ready.
**You should not come to court for motions or pleadings listed as N/A**
that are marked Take Papers.

### What happens if the calendar is canceled or I miss the deadline for marking my motion or pleading?

If a calendar is canceled due to unexpected events or you missed the deadline
for marking your motion or pleading, you may reclaim your motions by filing a
reclaim, JD-CL-6. If the matter needs immediate action by the court, you may
apply for permission to schedule an earlier hearing date with the court.
**Note:** all citations must be re-issued unless the court orders otherwise.
**By Order of The Court.**

04/17/2019, EN4817885, PS45652, 000058See Other Side For Additional Information    Side 2 of 2

17

# EXHIBIT _F_.




### State of Connecticut Judicial Branch
# Superior Court E-Filing

**E-Services Home**

**E-Services Inbox (25)**

**Superior Court E-Filing**
  Civil/Family
  Housing
  Small Claims

**E-File a New Case**

**E-File on an Existing Case**
  By Docket Number
  By Party Name
  List My Cases

**Court Events**
  By Date
  By Docket Number

**Short Calendars**
  Markings Entry
  Markings History
  My Short Calendars
  By Court Location
  Calendar Notices

**My Shopping Cart (0)**
**My E-Filed Items**
**My Access Requests**

**Pending Foreclosure Sales**

**Search By Property Address**

## Short Calendars Markings History Results

**New Search**

for Johnny Ray Moore (JRayMoore1) as of 6/12/2019

### Docket Number: FBT-CV-18-6076680-S
Records: 4

| Case Name | Docket Number | Location | Court Date | Cal.-Seq. No. | Entry No. | Motion/Objection |
|---|---|---|---|---|---|---|
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY | FBT-CV-18-6076680-S | Bridgeport JD | Jan 22, 2019 | 02-086 | 109.00 | MOTION FOR EXTENSION OF TIME TO PLEAD (Defendant) |

| Marking | Marking Date / Marked By |
|---|---|
| Take Papers | Jan 17, 2019 03:28:10 PM by JOHNNY RAY MOORE (JRayMoore1) |

| Case Name | Docket Number | Location | Court Date | Cal.-Seq. No. | Entry No. | Motion/Objection |
|---|---|---|---|---|---|---|
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY | FBT-CV-18-6076680-S | Bridgeport JD | Mar 04, 2019 | 02-076 | 114.00 | MOTION FOR EXTENSION OF TIME TO PLEAD (Defendant) |

| Marking | Marking Date / Marked By |
|---|---|
| Take Papers | Feb 28, 2019 12:38:23 PM by JOHNNY RAY MOORE (JRayMoore1) |
| Take Papers | Feb 28, 2019 12:22:53 PM by JOHNNY RAY MOORE (JRayMoore1) |

| Case Name | Docket Number | Location | Court Date | Cal.-Seq. No. | Entry No. | Motion/Objection |
|---|---|---|---|---|---|---|
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY | FBT-CV-18-6076680-S | Bridgeport JD | Jun 11, 2019 | 02-066 | 115.00 | MOTION TO DISMISS PB 10-30 (Defendant) |

| Marking | Marking Date / Marked By |
|---|---|
| Off | Jun 06, 2019 08:45:23 AM by JOHNNY RAY MOORE (JRayMoore1) |

| Case Name | Docket Number | Location | Court Date | Cal.-Seq. No. | Entry No. | Motion/Objection |
|---|---|---|---|---|---|---|
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY | FBT-CV-18-6076680-S | Bridgeport JD | Jun 11, 2019 | 02-066 | 120.00 | OBJECTION TO MOTION (Plaintiff) |

| Marking | Marking Date / Marked By |
|---|---|
| Ready | Jun 06, 2019 12:38:28 PM by MCCALLA RAYMER LEIBERT PIERCE LLC (101589) |
| Off | Jun 06, 2019 08:45:23 AM by JOHNNY RAY MOORE (JRayMoore1) |

Copyright © 2019, State of Connecticut Judicial Branch

# EXHIBIT G .



State of Connecticut Judicial Branch
# Superior Court E-Filing

**Logged-in User: Johnny Ray Moore (JRayMoore1)**    E-Mail: johnnyraymoore@gmail.com Logout

<u>Hide Instructions</u>                                **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

If you have finished e-filing, remember to log out by clicking the **Logout** button at the top right of the page:

Print This Page

## Confirmation of E-filed Transaction  (print this page for your records)

| | |
|---|---|
| **Docket Number:** | <u>FBT-CV-18-6076680-S</u> |
| **Case Name:** | JPMORGAN CHASE BANK NATIONAL ASSOCIATION v. MOORE, JOHNNY RAY |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Jun-10-2019 |
| **Motion/Pleading by:** | JOHNNY RAY MOORE (JRayMoore1) |
| **Document Filed:** | 122.00 WITHDRAWAL OF MOTION |
| | The Defendant Withdraws Motion to Dismiss, Doc. No. 115 |
| **Date and Time of Transaction:** | Friday, June 7, 2019 11:08:08 PM |

E-File Another Pleading/Motion/Other document on this Case

Return to Civil / Family Menu                Return to Case Detail

Copyright © 2019, State of Connecticut Judicial Branch