UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

IN RE:
JOHNNY RAY MOORE : CHAPTER 13
    DEBTOR : CASE NO. 19-51257

JPMORGAN CHASE BANK, N.A.
    MOVANT

v.

JOHNNY RAY MOORE
    DEBTOR
    ROBERTA NAPOLOTANO
    TRUSTEE
    RESPONDENTS : FEBRUARY 25, 2020

## OBJECTION TO DEBTOR'S MOTION FOR EVIDENTIARY HEARING PURSUANT TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE UNDER RULE 9014 REGARDING CONTESTED MATTER PROCEEDINGS RELATING TO THE MOTION FOR RELIEF FROM STAY

JPMORGAN CHASE BANK, N.A. ("Chase"), a secured creditor in the above-captioned case on property located at **10 Rosemary Drive, Stratford, CT 06615** (the "Property") by and through its undersigned counsel hereby files its objection to the Debtor's Motion for Evidentiary Hearing Pursuant to the Federal Rules of Bankruptcy Procedure Under Rule 9014 Regarding Contested Matter Proceedings Relating to the Motion for Relief from Stay ("Motion"). In support of this request, Chase respectfully represents as follows:

1. On January 16, 2020, Chase filed its Motion for Relief from Stay, In Rem Order and Related Equitable Relief (ECF 72) ("In Rem Motion").

2. On February 6, 2020, the Debtor filed his objection to Chase's In Rem Motion where the Debtor again attempts to attack Chase's standing.

3. On February 20, 2020, Chase filed its Response to the Debtor's Objection to Chase's In Rem Motion (ECF 118) wherein Chase sets for the legal basis as to why Debtor's argument that Chase has no standing fails as a matter of law.

4. The Debtor now comes before this court asking for an evidentiary hearing on Chase's In Rem Motion when such request in not supported in law. The Debtor's Motion requests an evidentiary hearing so that it can dispute the standing of Chase which again surrounds the same baseless arguments he made regarding the alleged Assignment of Mortgages that were recorded on the Connecticut Land Records. The Debtor further argues that the court cannot "arbitrarily remove MERS and MERSCORP Holdings, Inc. from receiving Notices when they have been named on the Debtor's Matrix" of which argument makes no legal sense whatsoever.

5. Chase maintains that CT State Statute CGS 49-17 would prohibit this court from holding an evidentiary hearing on its In Rem Motion on an issue relating to an Assignment of Mortgage and there is no basis is law to hold an evidentiary hearing on any of the baseless arguments set forth in the Debtor's Motion.  This is nothing more than yet another attempt to clog the court's docket with unnecessary dilatory pleadings all for the purpose of stalling the underlying foreclosure action.  The fact holds true that the Debtor has not made one single post-petition payment during the pendency of this case nor did he do so during the pendency of his prior Chapter 13 case. .

6. Chase maintains that this court is bound by the fact that 1) the Debtor has failed to make post-petition payments 2) the Debtor is over the debt limits to be in this Chapter 13 case 3) the Debtor has failed to present any viable confirmable case in this case or in his prior case 4) any issues relating to the Debtor's dispute over Chase's standing or any other issue is for the State court to handle, 5) the issue of Chase's standing was already determined in the State court in favor of Chase.

7. Chase maintains that its standing was proven when 1) a Judgment of Strict Foreclosure entered in the first foreclosure action brought against the Debtor (cv-09-6004293) wherein the court granted Chase as substituted Lender and subsequently entered a Judgment of Strict Foreclosure (see Exhibit A), and 2) when the Debtor subsequently voluntary executed a Loan Modification with Chase which Loan Modification is attached to his filed pleadings before this court, and 3) when the State court denied the Debtor's Motion to Dismiss in the newest foreclosure action brought against the Debtor.

8. Chase maintains that because there can be dispute over standing, there is no basis in law to hold an evidentiary hearing.

Based upon the foregoing, Chase requests that the Debtor's Motion be denied.

                JPMORGAN CHASE BANK, NATIONAL
                ASSOCIATION
                MOVANT

                By: /s/ Linda J. St. Pierre
                    LINDA J. ST. PIERRE
                    McCalla Raymer Leibert Pierce LLC
                    50 Weston Street
                    Hartford, Connecticut 06120
                    (860) 808-0606
                    Federal Bar Number CT 22287
                    ITS ATTORNEYS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

IN RE:
JOHNNY RAY MOORE       : CHAPTER 13
   DEBTOR       : CASE NO. 19-51257
      : February 24, 2020

## CERTIFICATION

I hereby certify that a copy of the foregoing was served upon all of the following parties, either by operation of the Court's electronic filing system or by postage prepaid first class mail, on this 24th day of February 2020.

Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484
(Debtor)

Roberta Napolitano
10 Columbus Boulevard
6th Floor
Hartford, CT 06106
(Trustee)

U. S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
(U.S. Trustee)

Dated: February 24, 2020

By: /s/ Linda St. Pierre
Linda St. Pierre, Esq.
McCalla Raymer Leibert Pierce LLC
50 Weston Street
Hartford, CT 06120