## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CASE No. | 19-51257(JAM) |
| JOHNNY RAY MOORE, | ) | | |
| | ) | CHAPTER | 13 |
| DEBTOR. | ) | | |
| | ) | ECF No. | 37 |

### Appearances

| | |
|---|---|
| Roberta Napolitano | *Chapter 13 Trustee* |
| 10 Columbus Boulevard | |
| Hartford, CT 06106 | |
| | |
| Mr. Johnny Ray Moore | *Pro se Debtor* |

### MEMORANDUM OF DECISION AND ORDER DISMISSING CASE WITH PREJUDICE WITH A THREE-YEAR BAR TO REFILING

Julie A. Manning, Chief United States Bankruptcy Judge

### I.     Background

Johnny Ray Moore (the "Debtor"), proceeding *pro se*, filed a Chapter 13 Petition on September 20, 2019 (the "Debtor's 2019 Bankruptcy Case").  On December 11, 2019, the Chapter 13 Trustee (the "Trustee") filed a Motion to Dismiss the Debtor's 2019 Bankruptcy Case, arguing that the Debtor's liabilities exceed the eligible debt limits for a Chapter 13 case, and that the filing of the 2019 Bankruptcy Case was not in good faith and seeking a two-year bar to refiling (the "Motion to Dismiss with Prejudice").  ECF No. 37.  On January 7, 2020, the Debtor filed an objection to the Motion to Dismiss with Prejudice.  A hearing was held on the Motion to Dismiss with Prejudice on January 16, 2020, which was later continued to February 25, 2020.

During the continued hearing on the Motion to Dismiss with Prejudice, the Trustee and the Debtor advanced oral arguments in support of their respective positions. After a review of the relevant pleadings, the record in the Debtor's 2019 Bankruptcy Case, and consideration of the arguments made during the hearing, the Court granted the Motion to Dismiss with Prejudice and stated that a written decision and order would be forthcoming. For the reasons stated on the record during the February 25th hearing, and for the reasons that follow, the Motion to Dismiss with Prejudice is granted.

## II.  Discussion

### A.  The Debtor is not eligible to be a Chapter 13 debtor

Section 1307, which governs dismissal of Chapter 13 cases, provides, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1307(c). Subsection (c) further provides "a non-exhaustive list of events that would be considered 'for cause.'" *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017). Section 109(e) of the Bankruptcy Code provides that only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, secured debts of less than $1,257,850.00 is eligible to be a debtor under Chapter 13. *See* 11 U.S.C. § 109(e). "[I]f the court finds the debtor to be ineligible for chapter 13, the court has discretion either to dismiss or to convert the case, depending on the best interests of the creditors and the estate." 8 Collier on Bankruptcy, ¶ 1307.4, p. 1307-13 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). "Cause" under section 1307(c) "may include a debtor's failure to meet eligibility requirements." *In re Villaverde*, 540 B.R. 431, 433 (Bankr. C.D. Cal. 2015) (citing *Smith v. Rojas (In re Smith)*,

435 B.R. 637, 649 (9th Cir. BAP 2010) (affirming dismissal of chapter 13 case due to debtor exceeding the § 109(e) debt limits)).

The secured claims filed in the Debtor's 2019 Bankruptcy Case total $1,793,380.52, well above the secured debt limit set forth in section 109(e).  As the Trustee argued during the February 25th hearing, even the secured debt on *only* the Debtor's primary residence, 15 Sachem Drive, Stratford, Connecticut, which is $1,270,859.91, exceeds the secured debt limit. Accordingly, the Debtor is not eligible to be in Chapter 13 and his case is dismissed under sections 1307(c) and 109(e).

### B.  Cause exists to dismiss the Debtor's case with prejudice and to prevent an abuse of the bankruptcy process

While dismissal of a case is generally without prejudice, section 349(a) "expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition."  *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999).  Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."  11 U.S.C. § 349.  Therefore, "if 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling."  *Casse*, 219 B.R. at 662.

In addition to the authority to dismiss a case for cause set forth in section 349(a), section 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  Section 105(a) provides

bankruptcy courts with a general grant of power to police dockets and afford appropriate relief. *See* 2 Collier on Bankruptcy, ¶105.01[2], p. 105-9 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) (citing *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), *reconsideration denied*, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code.")).  Thus, section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process.

The facts and circumstances surrounding the Debtor's 2019 Bankruptcy Case support the conclusion the case was not filed in good faith and was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process.  There are several reasons underlying this conclusion.

First, the Debtor is unable to propose a feasible, confirmable Chapter 13 Plan.  The Debtor's Statements and Schedules demonstrate that, in addition to his primary residence, the Debtor owns several other properties.  The First Amended Chapter 13 Plan proposes to make monthly payments of $2,500.00 to cure existing arrearages on all of the properties.  The Debtor lists as secured creditors the entities who hold the first and second mortgages on his primary residence, but proposes to make no payments on those debts.  During the February 25th hearing, the Trustee demonstrated that a Chapter 13 plan that provided for payment of the secured debt arrearages on all of the Debtor's properties would require a monthly payment of $12,253.57, and a Chapter 13 plan that provided for payment of the secured debt arrearage on only the Debtor's primary residence would require a monthly payment of $11,232.28.  The Debtor's Schedules I and J, however, establish that he has a monthly income of $10,003.00.  It is evident that the First

Amended Chapter 13 Plan proposed by the Debtor is unconfirmable, and, even more, that it would be impossible for the Debtor to fund any feasible plan.

Second, filings in the Debtor's 2019 Bankruptcy Case demonstrate that he is attempting to relitigate issues this Court has already ruled upon in a prior Chapter 13 case filed by the Debtor (the "Debtor's 2016 Bankruptcy Case"). For example, also scheduled for hearing on February 25th were the Debtor's Objections to Claims 5, 6, and 7. ECF Nos. 66, 65, 71. Claims 5, 6, and 7 are filed as secured claims, each secured by real properties owned by the Debtor. The Debtor objected to Claims 5, 6, and 7, positing that because he received a discharge in a previously filed Chapter 7 Case[1], he has no personal liability to pay those claims.

This Court overruled the Debtor's objections to the same claims in the Debtor's 2016 Bankruptcy Case: *See* ECF Nos. 207, 215, 208 in Case No. 16-51133. As explained in the rulings overruling the Debtor's objections to claims in the Debtor's 2016 Bankruptcy Case, although a bankruptcy discharge eliminates a borrower's personal liability with respect to real property secured by a lien, the Chapter 7 discharge does not eliminate a lien on the property and a lender is still permitted to proceed with its *in rem* rights with respect to the property if timely payments are not made. *See* 11 U.S.C. § 727(b); *Johnson v. Home State Bank*, 501 U.S. 78, 80 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."). Furthermore, the United States Supreme Court and courts in this

---

[1] The Debtor filed a Chapter 13 Petition on May 31, 2012 (the "Debtor's 2012 Bankruptcy Case"), Case No. 12-51027. The Debtor's Motion to Convert to a case under Chapter 11 was granted on November 29, 2012. The basis for the Debtor's Motion to Convert was that his secured debts exceeded the secured debt limit for Chapter 13. On October 29, 2014, after the Debtor failed to file a Disclosure Statement and Chapter 11 Plan, the Debtor's 2012 Bankruptcy Case was converted to a case under Chapter 7. The Debtor received a Chapter 7 discharge on February 4, 2015.

jurisdiction have held that liens on real property and other secured interests pass through bankruptcy unaffected. *See Dewsnup v. Timm*, 502 U.S. 410 (1992); *see also Curwen v. Whiton*, 557 B.R. 39, 43 (D. Conn. 2016). Therefore, a bankruptcy discharge precludes a secured creditor from pursuing a deficiency judgment against the debtor personally, but it leaves intact the secured creditor's *in rem* right to foreclose if payments are not made. *Id*. As the United States Supreme Court held in *Johnson*, 501 U.S. at 84

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.

If the Debtor wishes to confirm a Chapter 13 plan that retains the real properties subject to claims that have been personally discharged in a prior Chapter 7 case, he must treat those claims as secured claims or the creditors have a "right to an equitable remedy" of foreclosure. Instead, the Debtor proposes to retain the real properties regardless of the secured creditors' *in rem* rights to foreclose on the properties. The Debtor can only retain the properties if he satisfies those *in rem* rights, which he has not proposed to do. In addition, the Debtor's financial information provided under penalty of perjury in Schedules I and J demonstrates that he cannot successfully propose to do so. The Debtor is rehashing arguments which he has already lost, which is an abuse of the bankruptcy process.

Third, by way of example, a review of the facts and circumstances surrounding one of the Debtor's real properties demonstrates that he has used the bankruptcy court to frustrate state

court foreclosure proceedings.[2]  The Debtor is the defendant in the matter of *Christina Trust, A Division of Wilmington Savings v. Johnny Ray Moore*, NNH-CV09-6005365, a foreclosure action pending in the Connecticut Superior Court regarding the real property commonly known as 83 Willis Street, New Haven, Connecticut (the "83 Willis Street Foreclosure Action").  A Judgement of Strict Foreclosure entered in the 83 Willis Street Foreclosure Action on April 3, 2012, setting a law day of June 4, 2012.

On May 31, 2012, the Debtor filed his 2012 Bankruptcy Case.  The 83 Willis Street property was abandoned by the Chapter 7 trustee on January 9, 2015.  The notice of the abandonment, along with a motion to reset the law day, was filed in the 83 Willis Street Foreclosure Action on March 18, 2015.  The Debtor then filed an appeal with the Connecticut Appellate Court, which was ultimately dismissed.  The Appellate Court also denied the Debtor's subsequent motion for reconsideration of the order dismissing the appeal.  Thereafter, the Superior Court reset the law day as April 4, 2016.  The Debtor filed a variety of motions in the Superior Court from January 2016 through August 2016, including a motion to open and vacate judgment, a motion to stay, a motion to reargue/reconsider, and two motions to continue, which appear to have delayed the running of the April 4, 2016 law day.  After the Superior Court sustained the objection of Christina Trust, A Division of Wilmington Savings to the motions to continue, the Debtor filed his 2016 Bankruptcy Case on August 24, 2016.

The pattern of the filing of the Debtor's bankruptcy cases enables the Court to conclude the bankruptcy cases were filed to stay proceedings in state court foreclosure actions and not for a proper bankruptcy purpose, which is an abuse of the bankruptcy process.  *See In re Bolling*,

---

[2] The records of the Connecticut Superior Court show four pending foreclosure matters in which the Debtor is a defendant.  *See* Exhibit A to the Motion to Dismiss with Prejudice.

609 B.R. 454, 456-57 (Bankr. D. Conn. 2019) (dismissing a chapter 13 case with prejudice when

facts showed the debtor's multiple bankruptcy filings were solely for frustrating foreclosure

proceedings and without genuine bankruptcy purpose).

   Considering the above, a three-year bar to refiling is appropriate.  The Debtor's 2016

Bankruptcy Case was dismissed because the Debtor's secured debts exceeded the secured debt

limits under section 109(e), and the case was dismissed with prejudice – a one-year bar to

refiling a bankruptcy case – because the Debtor's conduct in and record of that case

demonstrated an abuse of the bankruptcy process.  *See* ECF No. 344 in Case No. 16-51133.[3]

The Debtor's 2019 Bankruptcy Case is not distinguishable from his prior cases: the Debtor still

has secured debts that exceeds the debt limit for a Chapter 13 debtor, and the Debtor, as he did in

the 2016 Bankruptcy Case, again proposes a Chapter 13 plan that is not feasible.  The instant

case was filed to frustrate creditors from exercising their applicable non-bankruptcy law rights to

foreclose and not for a proper bankruptcy purpose.  Since a one-year bar to refiling did not deter

the Debtor from further abuse of the bankruptcy process, the Court will now impose a three-year

bar.  *Cf. In re Garcia*, 479 B.R. 488, 499 (Bankr. N.D. Ind. 2012) (imposing a three-year bar to

refiling on a chapter 11 debtor, finding that the debtor's actions, which included violations of a

cash collateral order and of a conservator order, "are as serious as is the filing of serial multiple

hopeless cases solely to impose the automatic stay and the consistent disregard of any obligations

to perform as a debtor in those cases."); *In re Jones*, 289 B.R. 436, 440 (Bankr. M.D. Ala. 2003)

(imposing a five-year bar to refiling on a chapter 13 debtor when the debtor's "repeated instances

---

[3] The order dismissing the Debtor's 2016 Bankruptcy Case with prejudice was affirmed by the
United States District Court for the District of Connecticut.  *See* ECF No. 405 in Case No. 16-
51133.  The District Court consolidated for appeal the Debtor's appeals of the order dismissing
his case with prejudice and the order granting *in rem* relief in the 2016 Bankruptcy Case.

of bad faith and lack of meaningful participation in the prosecution of any of her five cases"

amounted to a "blatant abuse of the automatic stay provisions of the Bankruptcy Code."). !!!

## III.   Conclusion

After careful review of the Debtor's conduct in and record of the Debtor's bankruptcy

cases, and after consideration of the arguments advanced in the pleadings and at the hearings

held on the Motion to Dismiss with Prejudice, in accordance with sections 109(e), 1307(c),

349(a) and 105(a), cause exists to dismiss the Debtor's case and to condition such dismissal with

a three-year bar to refiling.  *See Casse*, 198 F.3d at 662.

Accordingly, it is hereby

**ORDERED**: Pursuant to sections 109(e) and 1307(c), the Debtor's case is dismissed

because the Debtor's secured debts exceed the applicable statutory maximum of $1,275,850.00;

and it is further

**ORDERED**: Pursuant to sections 349(a) and 105(a), the Debtor is barred from filing for

relief under any chapter of the Bankruptcy Code, in any bankruptcy court, for a period of not less

than three (3) years from the date of entry of this Order; and it is further

**ORDERED**: The Debtor's (i) First Amended Chapter 13 Plan, ECF No. 41; (ii) Motion

for Authority/Approval of Sale of Real Estate, ECF No. 62; (iii) Second Amended Objection to

Claim 6, ECF No. 65; (iv) Objection to Claim 5, ECF No. 66; (v) Objection to Claim 7, ECF No.

71; and (vi) Amended Motion for Permission to Settle Personal Injury Claim, ECF No. 84, are

denied as moot due to the dismissal of this case with prejudice; and it is further

**ORDERED**: At or before 6:00 p.m. on March 10, 2020, the Clerk's Office shall serve

this Order upon the Debtor on the address listed on the petition.

Dated at Bridgeport, Connecticut this 10th day of March, 2020.

*Julie A. Manning*
*Chief United States Bankruptcy Judge*
*District of Connecticut*